**Opinion issued December 12, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00553-CV

———————————

**RAMI AMIR AND RON ALIEZER, Appellants**

**V.**

**INTERNATIONAL BANK OF COMMERCE, Appellee**

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Case No. 2012-59086**

## O P I N I O N

Appellants, Rami Amir and Ron Aliezer, filed a plea in abatement and motion to compel arbitration in a suit brought by appellee, International Bank of Commerce (IBC). Amir and Aliezer filed a motion to compel arbitration but explained to the trial court they would not pay their portion of the arbitration filing

fee.  The trial court refused to compel arbitration, and Amir and Aliezer brought this appeal.  In one issue, they argue the trial court abused its discretion by denying their motion to compel arbitration.

We reverse and remand.

## Background

Amir and Aliezer were guarantors on two construction loan agreements with IBC.  In May and June 2012, IBC foreclosed on the properties governed by the loans.  In October 2012, IBC filed suit against Amir and Aliezer to recover the deficiencies remaining on the notes after the foreclosures.

After answering, Amir and Aliezer filed a plea in abatement and motion to compel arbitration, relying on the arbitration clauses in the notes, deeds of trust, and guarantees.  For purposes of our analysis, the notes, deeds of trust, and guarantees have substantially the same arbitration provisions.  The arbitration provision in the guarantees provides that the arbitration provision is governed by the Federal Arbitration Act and that the parties agree to submit to arbitration through the American Arbitration Association.  The arbitration provision further provides as follows:

> (c)    Arbitratable disputes include any and all controversies and claims between the parties of whatever type or manner, including without limitation, any claim arising out of or relating to this agreement. . . .
>
> . . .

2

(h)     The parties agree that any action regarding any controversy between the parties shall either be brought by arbitration, as described herein, or by judicial proceeding, but shall not be pursued simultaneously in different or alternative forms. A timely written notice of intent to arbitrate pursuant to this agreement stays and/or abates any and all action in a trial court, save and except a hearing on a motion to compel arbitration and/or the entry of an order compelling arbitration and staying and/or abating the litigation pending the filing of the final award of the arbitrators. . . .

(i)     Any aggrieved party shall serve a written notice of intent to arbitrate to any and all opposing parties within 360 days after dispute has arisen. . . .

. . .

(l)     . . . Each of the parties shall pay an equal share of the arbitration costs, fees, expenses, and of the arbitrator's fees, costs and expenses.

. . .

(q)     The arbitrators, or a majority of them, shall award attorney's fees and costs to the prevailing party pursuant to the terms of this agreement.

IBC responded to the motion to compel, arguing it was not opposed to arbitration but that Amir and Aliezer had not met the conditions precedent to arbitration because (1) they had not provided IBC with a notice of intent to arbitrate and (2) they had not submitted their portion of the filing fee necessary to initiate arbitration. An order from the trial court on June 7, 2013, states that, at the earlier hearing,

[t]he Court expressly informed counsel for Defendants [Amir and Aliezer] . . . that once Defendants presented evidence that they had

3

either paid their portion of the required filing fees, or obtained a waiver from the American Arbitration Association of their portion of the required filing fees, the Court would abate this matter in favor of arbitration. However, Defendants' counsel has informed the Court that Defendants will not pay their respective portion of the filing fees required by the American Arbitration Association, and as of the date of this Order, Defendants have not provided this Court with any evidence that they have sought a waiver of their portion of the filing fees.

The trial court agreed with IBC that Amir and Aliezer's paying their portion of the filing fee was a condition precedent for the enforceability of the arbitration clauses. Accordingly, the trial court denied the motion to compel arbitration.

### Standard of Review

Generally, we review a trial court's decision to grant or deny a motion to compel arbitration under an abuse of discretion standard. *Enter. Field Servs., LLC v. TOC-Rocky Mountain, Inc.*, 405 S.W.3d 767, 773 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). Under this standard, we defer to a trial court's factual determinations if they are supported by evidence, but we review a trial court's legal determinations de novo. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009). Whether a valid arbitration agreement exists and whether the arbitration agreement is ambiguous are questions of law that we review de novo. *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 781 (Tex. 2006).

4

**Analysis**

A party seeking to compel arbitration must establish (1) the existence of a valid, enforceable arbitration agreement and (2) that the claims at issue fall within that agreement's scope. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005). If the movant establishes that an arbitration agreement governs the dispute, the burden shifts to the party opposing arbitration to establish a defense to the arbitration agreement. *In re Provine,* 312 S.W.3d 824, 829 (Tex. App.—Houston [1st Dist.] 2009, orig. prodeeding) (citing *In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex. 1999)). Once the arbitration movant establishes a valid arbitration agreement that encompasses the claims at issue, a trial court has no discretion to deny the motion to compel arbitration unless the opposing party proves a defense to arbitration. *Id.* (citing *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753–54 (Tex. 2001)).

Because state and federal policies favor arbitration, courts must resolve any doubts about an arbitration agreement's scope in favor of arbitration. *In re FirstMerit Bank*, 52 S.W.3d at 753. To be subject to arbitration, the "allegations need only be factually intertwined with arbitrable claims or otherwise touch upon the subject matter of the agreement containing the arbitration provision." *In re B.P. America Prod. Co.*, 97 S.W.3d 366, 371 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding).

5

The parties do not dispute that IBC's claims are subject to multiple valid and enforceable arbitration agreements. Instead, the dispute concerns whether all of the conditions precedent to invoking the arbitration agreements have been satisfied. IBC argues that providing a notice of intent to arbitrate and each party paying their respective portion of the fee to initiate arbitration are conditions precedent to the right to invoke the arbitration agreements.

"A condition precedent may be either a condition to the formation of a contract or to an obligation to perform an existing agreement." *Hohenberg Bros. Co. v. George E. Gibbons & Co.*, 537 S.W.2d 1, 3 (Tex. 1976); *see also Gulf Liquids New River Project, LLC v. Gulsby Eng'g, Inc.*, 356 S.W.3d 54, 64 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Conditions precedent to an obligation to perform are acts or events that occur after the execution of a contract and that must occur either before there is a right to immediate performance or before there is a breach of a contractual duty. *Hohenberg Bros.*, 537 S.W.2d at 3; *Gulf Liquids*, 356 S.W.3d at 64. No particular words are required to create a condition precedent, but terms such as "if," "provided that," "on condition that," or some other phrase that conditions performance, "usually connote an intent for a condition rather than a promise." *Hohenberg Bros.*, 537 S.W.2d at 3; *see also Gulf Liquids*, 356 S.W.3d at 64.

6

When no such limiting language is used, whether a contractual provision is a condition precedent or instead a promise is determined from a review of the contract as a whole and from the intent of the parties. *Hohenberg Bros.*, 537 S.W.2d at 3; *Gulf Liquids*, 356 S.W.3d at 64. "However, where the intent of the parties is doubtful or where a condition would impose an absurd or impossible result then the agreement will be interpreted as creating a covenant rather than a condition." *Hohenberg Bros.*, 537 S.W.2d at 3. "Because of their harshness and operation, conditions precedent are disfavored." *Gulf Liquids*, 356 S.W.3d at 64. When a contract does not clearly provide that a provision is a condition precedent, we will interpret the provision as creating a promise, not a condition. *Id.* at 65.

Typically, questions of whether prerequisites to arbitration have been fulfilled are left to the arbitrators to resolve. *In re Pisces Foods, L.L.C.*, 228 S.W.3d 349, 352 (Tex. App.—Austin 2007, orig. proceeding) (citing *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557, 84 S. Ct. 909, 918 (1964)). If, however, there is clearly established proof that a strictly procedural requirement has not been met and that procedural requirement precludes arbitration, a court can deny a motion to compel arbitration on this ground. *See id.* at 352–53 (citing *Gen. Warehousemen & Helpers Union Local 767 v. Albertson's Distribution, Inc.*, 331 F.3d 485, 488 (5th Cir. 2003)). This is a narrow exception. *Id.* at 352. As an example, a trial court cannot compel arbitration when the provision requires the

7

parties to mediate before arbitration. *Id.* at 353 (citing *Kemiron Atl., Inc. v. Aguakem Int'l, Inc.*, 290 F.3d 1287, 1290 (11th Cir. 2002)). To do so would frustrate the parties' original intent clearly expressed in the agreement. *Id.*

Here, the arbitration agreements provide that, if one party files suit outside of arbitration, the other parties can invoke their right to arbitration by providing "timely written notice of intent to arbitrate." To be timely, "[a]ny aggrieved party shall serve a written notice of intent to arbitrate to any and all opposing parties within 360 days after dispute has arisen." IBC does not claim any notice it received was untimely. Instead, it argues it has not received any notice.

IBC acknowledges that Amir and Aliezer filed a motion to compel arbitration and served IBC with the motion. The record also reflects that the parties repeatedly discussed—orally and in writing—the plan to arbitrate, including IBC's counsel's drafting a proposed agreed order compelling arbitration. IBC argues it still has not received a "written notice of intent to arbitrate," relying on *Grand Tex. Homes, Inc. v. Hill*, 02-07-00352-CV, 2008 WL 2168147 (Tex. App.—Fort Worth May 22, 2008, no pet.) (mem. op.). IBC argues that the Fort Worth Court of Appeals held in *Hill* that a motion to compel cannot constitute notice of intent to arbitrate. *Hill* has no such holding.

The arbitration agreement in *Hill* required a demand for arbitration to be served on the opposing parties and the American Arbitration Association within

8

100 days of receiving notice of a dispute. *Id.* at \*1–\*2. The defendant relied on its motion to compel arbitration as proof that it demanded arbitration. *Id.* at \*5. The court held that the defendant had failed to serve the motion within 100 days *and* that it had failed to file the motion with the American Arbitration Association as required by the agreement. *Id.* Nowhere did the court suggest that the motion could not otherwise constitute a proper notice or demand for arbitration.

We hold IBC had sufficient notice of Amir and Aliezer's intent to arbitrate to satisfy this condition precedent for the application of the arbitration agreement.

IBC also argues that each party's payment of its respective portion of the initial arbitration filing fee is another condition precedent to the enforcement of the arbitration agreement. It claims that Amir and Aliezer have failed to satisfy all of the conditions precedent because they have refused to pay any portion of the arbitration filing fee. Amir and Aliezer assert that paying the arbitration filing fee is not a condition precedent to the enforcement of the arbitration agreement.

The arbitration agreements require the parties to arbitrate "any and all controversies and claims between the parties of whatever type or manner, including without limitation, any claim arising out of or relating to this agreement." They allow the parties to file suit in court, but that right ends when one of the parties serves a notice of intent to arbitrate to the other parties. IBC correctly points out that the arbitration agreements require "[e]ach of the parties

9

[to] pay an equal share of the arbitration costs, fees, expenses, and of the arbitrator's fees, costs and expenses." But the agreements do not clearly establish that any of these shared costs is a condition precedent to invoking the right to arbitrate. To the contrary, the agreements indicate that at least some of the costs are intended to be part of the final arbitrators' award.

The arbitration agreements do not clearly provide that payment of any costs is a condition precedent to invoking the right to arbitrate. Accordingly, at best, this is a matter to be resolved by the arbitrators, not the trial court. *See In re Pisces Foods*, 228 S.W.3d at 352–53 (holding trial court can deny motion to compel arbitration only when there is clearly established proof of strictly procedural prerequisite).

IBC argues that, by insisting on arbitration while simultaneously refusing to contribute to pay the arbitration filing fee, Amir and Aliezer will be able to avoid resolution of the dispute. We find no support for this argument. The arbitration agreements provide that "any claim arising out of or relating to this agreement" is subject to arbitration. IBC has presented no argument and no proof for why it cannot pay the arbitration filing fee in full itself and then seek in arbitration an award for the portion of the filing fees it alleges Amir and Aliezer owe. Absent proof of impossibility, unconscionability, or some other substantive defense to arbitration, IBC has failed to meet its burden of establishing that the arbitration

10

argreement cannot be enforced. *See In re Provine*, 312 S.W.3d at 829 (holding, after moving party establishes claims in suit are subject to valid arbitration agreement, burden shifts to party opposing motion to compel to establish defense to enforcement of arbitration agreement).

We sustain Amir and Aliezer's sole issue.

## Conclusion

We reverse the trial court's order denying Amir and Aliezer's motion to compel arbitration and remand for rendition of an order granting the motion to stay or abate the case and compel arbitration.

Laura Carter Higley
Justice

Panel consists of Justices Keyes, Higley, and Massengale.