**Affirmed and Majority and Concurring Opinions filed November 15, 2016.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-15-00610-CV

## SOUTHWINDS EXPRESS CONSTRUCTION, LLC, Appellant

## V.

## D.H. GRIFFIN OF TEXAS, INC., Appellee

**On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2015-22736**

## C O N C U R R I N G   O P I N I O N

In this case, in which no party moved to compel or stay arbitration, the trial court confirmed an arbitration award under the Texas Arbitration Act and rejected four grounds for vacating the award. The appellant says the trial court erred in not vacating the award on these four grounds. In this context, a reviewing court may reverse only on a ground for vacatur listed in Texas Civil Practice and Remedies Code section 171.088. Because two of the appellant's grounds are not listed in this

statute, the trial court had no power to vacate the award based upon these two grounds. Because the appellant did not establish its entitlement to vacatur under the other two grounds, the trial court did not err in denying vacatur and confirming the arbitration award.

***Grounds for vacatur not listed in Texas Civil Practice and Remedies Code section 171.088 fail.***

The trial court confirmed an arbitration award as to the C&D haul-off claims asserted by appellee/applicant D.H. Griffin of Texas, Inc. against appellant/respondent Southwinds Express Construction, LLC. (hereinafter the "Claims"). D.H. Griffin asked the trial court to confirm the arbitration award under Texas Civil Practice and Remedies Code section 171.087.[1] Southwinds opposed confirmation and asked the trial court to vacate the award under section 171.088,[2] on the following grounds:

(1) there was no agreement to arbitrate, the issue was not adversely determined in any proceeding to compel arbitration, and Southwinds objected at the arbitration that there was no agreement to arbitrate;

(2) the arbitrator exceeded her power by deciding the Claims because the parties had not agreed to arbitrate them;

(3) the award is tainted by manifest disregard of law and gross mistake in applying the law; and

(4) by failing to mediate the Claims, D.H. Griffin failed to fulfill a condition precedent to any obligation of Southwinds to arbitrate the Claims, thus precluding confirmation of the arbitration award.

Significantly, no party sought to compel or stay arbitration of the Claims. If the trial court had compelled arbitration or denied a stay of arbitration, this court

---

[1] *See* Tex. Civ. Prac. & Rem. Code Ann § 171.087 (West, Westlaw through 2015 R.S.).

[2] *See* Tex. Civ. Prac. & Rem. Code Ann § 171.088 (West, Westlaw through 2015 R.S.).

2

could review either of these rulings on appeal, and would not be limited to the section 171.088 grounds for vacatur.[3] But, because no party asked to compel or stay arbitration, the only grounds upon which Southwinds could obtain vacatur of the arbitration award are those listed in section 171.088.[4]

Southwinds sought vacatur on the grounds that the award is tainted by manifest disregard of law and gross mistake in applying the law. Southwinds also sought vacatur on the ground that by failing to mediate the claims D.H. Griffin failed to fulfill a condition precedent to any obligation of Southwinds to arbitrate the Claims. Because none of these grounds is listed in section 171.088, the trial court lacked authority to vacate the award on these grounds and did not err in rejecting them.[5]

### *The trial court did not err in determining that the Claims fall within the scope of the parties' arbitration agreement.*

In paragraph 3 of the Subcontractor Agreement of September 26, 2013 (the "Agreement"), D.H. Griffin and Southwinds agree as follows:

> In the event that a claim is not resolved through the negotiations of the parties, claim resolution will be resolved through mediation unless, in the sole discretion of [D.H. Griffin], [D.H. Griffin] believes mediation

---

[3] *See Perry Homes v. Cull*, 258 S.W.3d 580, 585–87, 601 (Tex. 2008) (holding that appellate courts may review trial court orders compelling arbitration on appeal from final judgment rendered upon confirmation of arbitration award and vacating an arbitration award based on a ground raised in the motion to compel proceedings that is not listed in Texas Civil Practice and Remedies Code section 171.088); *Ewing v. Act Catastrophe-Texas L.C.*, 375 S.W.3d 545, 552–53 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (noting that no party had moved to compel or stay arbitration and that there was no order as to such relief that could be reviewed on appeal outside of the confirmation/vacatur context).

[4] *See* Tex. Civ. Prac. & Rem. Code Ann § 171.088; *Hoskins v. Hoskins*, —S.W.3d—,—, No. 15-0046, 2016 WL 2993929, at *3–4 (Tex. May 20, 2016).

[5] *See* Tex. Civ. Prac. & Rem. Code Ann § 171.088; *Hoskins*, —S.W.3d at —, 2016 WL 2993929, at *3–4.

would be a useless exercise in which case [D.H. Griffin], unilaterally, may escalate the claims process to binding arbitration at any time. If mediation fails, both parties agree that the claim will be resolved pursuant to binding arbitration. Any mediation or arbitration will be conducted under the rules of the American Arbitration Association's ("AAA") Construction Industry Dispute Resolution Procedures (including Mediation and Arbitration Rules) in effect at the time of the execution of this Agreement; provided, however, that where there is a conflict, if any, between those rules and this Agreement, this Agreement governs.

On appeal, Southwinds asserts that the trial court erred in confirming the award and denying Southwinds' motion to vacate based on the argument that there was no agreement to arbitrate because the Claims do not fall within the scope of this arbitration agreement. As the party seeking to vacate the arbitration award, Southwinds had the burden of presenting a record establishing that (1) there was no agreement to arbitrate because the Claims were outside the scope of the arbitration agreement; (2) this issue was not adversely determined in a motion to compel or stay arbitration; and (3) Southwinds did not participate in the arbitration without raising this objection.[6] The record reflects that there was no motion to compel or stay arbitration, and that in its arbitration-proceeding answer Southwinds objected that the arbitrator had no jurisdiction because the Agreement did not apply to the Claims. Presuming for the sake of argument that Southwinds objected in the arbitration proceeding that there was no agreement to arbitrate because the Claims were outside the scope of the arbitration agreement, as the majority correctly concludes, the Claims fall within the scope of the arbitration clause of the

---

[6] *See* Tex. Civ. Prac. & Rem. Code Ann § 171.088(a)(4); *Patel v. Moin*, No. 14-15-00851-CV, 2016 WL 4254016, at *3 (Tex. App.—Houston [14th Dist.] Aug. 11, 2016, pet. filed) (mem. op.); *Aspri Investments, LLC v. Afeef*, No. 04-10-00573-CV, 2011 WL 3849487, at *4–5 (Tex. App.—San Antonio Aug. 31, 2011, pet. dism'd) (mem. op.).

4

Agreement (the "Arbitration Clause"). Therefore, the trial court did not err in denying the motion to vacate on this ground.[7]

***To the extent the appellant argues that there was no arbitration agreement based on a failure to mediate, the appellant did not prove that it raised this objection in the arbitration.***

On appeal, Southwinds also appears to assert that the trial court erred in confirming the award and denying vacatur based on an argument that there was no agreement to arbitrate because the parties have not mediated the Claims and claims that have not been mediated do not fall within the Arbitration Clause. As the party seeking to vacate the arbitration award, Southwinds was obliged to present a record establishing that (1) there was no agreement to arbitrate because the parties have not mediated the Claims and claims that have not been mediated do not fall within the Arbitration Clause; (2) this issue was not adversely determined in a motion to compel or stay arbitration; and (3) Southwinds did not participate in the arbitration without raising this objection.[8] Southwinds submitted its answer in the arbitration proceeding, but nothing in that answer raises this objection. Our record does not contain evidence showing that Southwinds voiced this complaint in the arbitration proceeding. Because Southwinds failed to prove in the trial court that it raised this objection in the arbitration proceeding, the trial court did not err in denying Southwinds's motion to vacate to the extent Southwinds asserted this ground of vacatur.[9]

---

[7] *See* Tex. Civ. Prac. & Rem. Code Ann § 171.088(a)(4).

[8] *See* Tex. Civ. Prac. & Rem. Code Ann § 171.088(a)(4); *Patel*, 2016 WL 4254016, at *3; *Aspri Investments, LLC*, 2011 WL 3849487, at *4–5.

[9] *See* Tex. Civ. Prac. & Rem. Code Ann § 171.088(a)(4); *Aspri Investments, LLC*, 2011 WL 3849487, at *4–5.

5

***To the extent the appellant argues that the arbitrator exceeded her power because the Claims are outside the scope of the Arbitration Clause, the trial court did not err in rejecting this argument.***

It may be presumed for the sake of argument, that an arbitrator exceeds her powers within the meaning of section 171.088(a)(3)(A) if none of the claims the arbitrator determines in an arbitration are covered by an arbitration agreement.[10] To the extent that Southwinds argues that the arbitrator exceeded her powers by deciding the Claims because the Claims fall outside the scope of the Arbitration Clause, this argument lacks merit because the Claims fall within the scope of the Arbitration Clause.[11]

Section 171.088(a) provides that on application of a party, the court shall vacate an arbitration award if "(3) the arbitrators: (A) exceeded their powers . . . (4) there was no agreement to arbitrate, the issue was not adversely determined in a proceeding under Subchapter B [of Chapter 171], and the party did not participate in the arbitration hearing without raising the objection."[12] If a party could obtain vacatur of an arbitration award under section 171.088(a)(3)(A) based on an assertion that the arbitrator exceeded her powers by determining claims not covered by any arbitration agreement without proving that the issue was not adversely determined in a proceeding under Subchapter B of Chapter 171 and that the party did not participate in the arbitration hearing without raising the objection, these two requirements imposed by the Legislature in section 171.088(a)(4) would be rendered meaningless. *See id*. If Southwinds properly may assert that the arbitrator exceeded her powers because there was no agreement to arbitrate the Claims, then Southwinds also must prove that these two requirements are satisfied

---

[10] *See* Tex. Civ. Prac. & Rem. Code Ann § 171.088(a)(3)(A).

[11] *See* Tex. Civ. Prac. & Rem. Code Ann § 171.088(a).

[12] *Id*.

to obtain vacatur of the arbitration award under section 171.088(a)(4). In Southwinds's answer in the arbitration proceeding, Southwinds did not object that the arbitrator exceeded her powers by deciding the Claims because the parties have not mediated the Claims and claims that have not been mediated do not fall within the Arbitration Agreement, and our record does not contain evidence showing that Southwinds raised this complaint in the arbitration proceeding. To the extent that Southwinds argues that the arbitrator exceeded her powers by deciding the Claims because the parties have not mediated the Claims and claims that have not been mediated do not fall within the Arbitration Agreement, Southwinds failed to prove that it raised this objection in the arbitration, as required by statute, and the trial court did not err in denying Southwinds's motion to vacate to the extent Southwinds asserted this ground of vacatur.[13]

***This court need not address whether it is for the courts or the arbitrator to decide issues as to Southwinds's arguments that mediation is a condition precedent to arbitration.***

On appeal, Southwinds asserts generally that, under the Agreement, mediation is a condition precedent to arbitration. Southwinds also argues that the clause in the Agreement granting D.H. Griffin, but not Southwinds, a unilateral opt-out of the Agreement's requirement of mediation before arbitration would render the mediation requirement illusory and must be stricken from the Agreement.[14] Southwinds argues that, with the clause stricken, the parties agreed

---

[13] *See* Tex. Civ. Prac. & Rem. Code Ann § 171.088(a)(4); *Aspri Investments, LLC*, 2011 WL 3849487, at *4–5.

[14] The majority concludes that Southwinds is arguing that this clause makes the entire arbitration agreement illusory. *See ante* at 18–21. A review of Southwinds's brief reveals that Southwinds is not asserting that the Arbitration Clause is illusory but only that this one opt-out clause is illusory. In its brief, Southwinds asserts as follows: "The clause in the written Subcontractor Agreement that allows Griffin to unilateral[ly] avoid its agreed upon obligation to resolve disputes through mediation is clearly illusory and unenforceable. . . As provided by [the Savings

7

to arbitrate only the claims that were not successfully mediated. And, Southwinds asserts, because the parties have not mediated the Claims, there is no agreement to arbitrate the Claims. Under the analysis stated above, this court may affirm the trial court's judgment without addressing the merits of these arguments and without addressing whether it is for the arbitrator or the courts to decide Southwinds's arguments that mediation is a condition precedent to any possible duty to arbitration.

***Even if this court needed to address whether it is for the courts or the arbitrator to decide the condition-precedent issues, the better course would be to address these issues based on section 171.088 rather than cases in which the court reviews a motion to compel or stay arbitration.***

If this court had to address this question, a sounder option would be to rely upon section 171.088 to do so. To the extent Southwinds asserts that mediation is a condition precedent to arbitration without basing its argument on a lack of any arbitration agreement, Southwinds does not advance a vacatur ground listed in section 171.088, and therefore the trial court lacked authority to vacate the award on this basis.[15] To the extent Southwinds advances an argument that the trial court should have vacated the arbitration agreement because the failure to mediate means that there is no arbitration agreement, section 171.088 provides that courts rather than arbitrators are to resolve this issue if it was raised at the arbitration.[16]

---

Clause of the Agreement], the dispute resolution clause in the written Subcontractor Agreement can be upheld and given its intended effect by eliminating Griffin's illusory, unilateral right. . .With the dispute resolution clause properly limited, the bargained for procedure clearly provides that mediation is a mandatory and necessary precondition to arbitration."

[15] *See* Tex. Civ. Prac. & Rem. Code Ann § 171.088; *Hoskins*, —S.W.3d at —, 2016 WL 2993929, at *3–4.

[16] *See* Tex. Civ. Prac. & Rem. Code Ann § 171.088.

Instead of resolving these issues under the section 171.088 analysis, the majority bases its analysis on various cases in which the courts are reviewing motions to compel or stay arbitration.[17] These cases are not on point in cases like today's case, in which no party moved to compel or stay arbitration, and the only issue is whether the trial court erred in denying vacatur on a ground listed in section 171.088 and asserted by the appellant in the trial court.[18]

In addition, a review of the majority's cited cases reveals considerable conflict and uncertainty among courts as to the analysis of purported conditions precedent to arbitration. In many of these cases the courts do not discuss the specific language of the agreement regarding the alleged condition precedent.[19] And, many of the courts fail to specify whether courts should analyze cases in which the parties unambiguously agree to arbitrate only claims unresolved by a pre-arbitration dispute-resolution procedure differently that they analyze cases in which there is an unequivocal agreement to arbitrate and then a separate, general statement that the parties will seek to resolve a dispute by such a procedure before arbitration.[20] Some cases indicate that, at the motion-to-compel-or-stay-arbitration stage, courts never determine whether an alleged condition precedent, such as meditation, has been satisfied and that the arbitrators determine all such issues.[21] Some cases indicate that, at the motion-to-compel-or- stay-arbitration

---

[17] *See ante* at 6–9, 16–21.

[18] *See Ewing*, 375 S.W.3d at 552–53.

[19] *See, e.g., In re R&R Personnel Specialists of Tyler, Inc.*, 146 S.W.3d 699, 704–05 (Tex. App.—Tyler 2004, orig. proceeding).

[20] *See Valero Energy Corp. v. Teco Pipeline Co.*, 2 S.W.3d 576, 583–84 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

[21] *See BG Group, PLC v. Republic of Argentina*, — U.S., —, —, 134 S.Ct. 1198, 1206–07, 188 L.Ed.2d 220 (2014) (stating that "courts presume parties intend arbitrators, not courts, to decide disputes about the meaning and application of particular procedural preconditions for the use of

stage, courts may determine certain procedural issues that may preclude a party from arbitrating its claims.[22]

More than a half-century ago, in *John Wiley & Sons*, the Supreme Court of the United States held that it was for the arbitrator to decide whether the parties completed the grievance procedure required before arbitration, concluding that, though the grievance procedure was a procedural matter, this issue grew out of the parties' dispute and bore on its final disposition.[23] The high court then made a statement not necessary to its holding as to when this type of issue might be determined by the court.[24] Nearly four decades later, in *Howsam*, the Supreme Court articulated a legal standard for determining which issues should be decided by the court and which issues should be decided by the arbitrators, based on a determination as to whether the issue was one of substantive arbitrability or

arbitration. . .These procedural matters include . . . conditions precedent to an obligation to arbitrate"); *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84–85 (2002) (citing favorably provision of Uniform Revised Arbitration Act providing that arbitrators decide whether a condition precedent to arbitration has been fulfilled, stating that courts decide issues of substantive arbitrability and that arbitrators decide issues of procedural arbitrability such as whether conditions precedent to an obligation to arbitrate have been met); *Valero Energy Corp.*, 2 S.W.3d at 584 (stating that whether party satisfied any conditions precedent to arbitration is for the arbitrator to determine).

[22] *See G.T. Leach Builders, LLC v. Sapphire V.P., L.P.* 458 S.W.3d 502, 520–23 (Tex. 2015) (discussing the *Howsam* and *BG Group* cases, and indicating that courts, rather than arbitrators, determine issues that would result in a conclusion that there is no presently enforceable agreement to arbitrate); *Perry Homes*, 258 S.W.3d at 587—89 (holding courts determined issues of waiver of arbitration by litigation conduct, discussing the *Howsam* case, and indicating that arbitrators generally determine matters that grow out of a dispute and bear on its final disposition but that courts generally decide issues as to whether the parties have submitted particular disputes to arbitration and whether there is a defense relating solely to the arbitration clause); *In re Igloo Products Corp.*, 238 S.W.3d 574, 579–81 (Tex. App.—Houston [14th Dist.] 2007, orig. proceeding) (holding that, even after *Howsam* trial courts at the motion-to-compel stage may determine whether parties specifically agreed to arbitrate only claims not resolved after mediation and thus did not agree to arbitrate the unmediated claims at issue).

[23] *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 556–58 (1964).

[24] *See id*. at 557–58.

procedural arbitrability.[25] The *Howsam* court cited *John Wiley & Sons* for its holding but did not cite the *John Wiley & Sons* dictum. That dictum is inconsistent with the legal standard articulated in *Howsam*.[26] Likewise, neither the *BG Group* case from the United States Supreme Court nor the Supreme Court of Texas cases following *Howsam* and *BG Group* mention the *John Wiley & Sons* dictum.[27] Nonetheless, some courts of appeals have concluded that the *John Wiley & Sons* dictum creates a narrow exception to a general rule that the arbitrators decided procedural matters, such as the requirement of other dispute-resolution matters.[28] Though the majority concludes otherwise, this court in *Igloo* did not follow this line of cases.[29] Nor did this court recognize a "narrow exception" when the agreement unambiguously requires mediation as a condition precedent to arbitration and there is no fact issue as to whether the condition precedent has been satisfied.[30]

In addition, in *In re U.S. Home Corp.*, the Supreme Court of Texas determined that it could decide whether mediation was a condition precedent to

---

[25] *See Howsam*, 537 U.S. at 83–85.

[26] *See id.*; *John Wiley & Sons, Inc.*, 376 U.S. at 556–58.

[27] *See BG Group, PLC*, — U.S., at —, 134 S.Ct. at 1206-07; *G.T. Leach Builders, LLC*, 458 S.W.3d at 520–23; *Perry Homes*, 258 S.W.3d at 587–89.

[28] *See, e.g., Amir v. Int'l Bank of Commerce*, 419 S.W.3d 687, 692 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *Omoruyi v. Grocers Supply Co.*, No. 14-09-00151-CV, 2010 WL 1992585, at *8 (Tex. App.—Houston [14th Dist.] May 20, 2010, no pet.) (mem. op.); *In re Pisces Foods, L.L.C.*, 228 S.W.3d 349, 351, 352–53 (Tex. App.—Austin 2007, orig. proceeding).

[29] *See ante* at 17–18; *In re Igloo Products Corp.*, 238 S.W.3d at 578–81.

[30] *See ante* at 17–18; *In re Igloo Products Corp.*, 238 S.W.3d at 578–81 (concluding that the issue was a "gateway dispute" because the party agreed to arbitrate only "disputes that cannot first be resolved through [] internal dispute resolution procedures or mediation," without relying upon the exception recognized in *Amir* and other cases based upon the *John Wiley & Sons* dictum).

11

arbitration that had not been satisfied such that the parties had no duty to arbitrate, without relying on any alleged exception under *John Wiley & Sons*, thus raising an issue as to the viability of this court's analysis in cases such as *Valero* and *Omoruyi*, in which this court either indicates that the arbitrators always should determine this issue or almost always should determine this issue subject to a narrow exception based on the *John Wiley & Sons* dictum.[31]

Today, the majority wades into these troubled waters. The better course would be to decide the appeal under the vacatur analysis expounded above, without relying upon cases in which the court reviews a motion to compel or stay arbitration.

### *Conclusion*

For the reasons stated above, I respectfully concur in the court's judgment but I respectfully decline to join the majority's opinion.


/s/     Kem Thompson Frost
        Chief Justice


Panel consists of Chief Justice Frost and Justices Boyce and Wise. (Boyce, majority).

---

[31] *See In re U.S. Home Corp.*, 236 S.W.3d 761, 764 (Tex. 2007); *Omoruyi*, 2010 WL 1992585, at *8; *Valero Energy Corp.*, 2 S.W.3d at 584.