**Reversed and Remanded in Part and Dismissed in Part and Memorandum Opinion filed October 27, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00692-CV

---

## KHANCEPTS, LLC D/B/A ROSATI'S FRANCHISING, INC., Appellant

## V.

## IOVANA LOPEZ, Appellee

---

**On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2017-10480**

---

### MEMORANDUM OPINION

Appellant Khancepts, LLC d/b/a Rosati's Franchising, Inc. ("Khancepts") appeals the trial court's interlocutory order denying its motion to compel arbitration. Khancepts also attempts to appeal the trial court's interlocutory orders awarding attorney's fees, compelling deposition appearance of Mr. Mushtaq Khan, granting temporary orders, and setting a hearing. Concluding the trial court abused its discretion in denying the motion to compel arbitration, we reverse and remand for

proceedings consistent with this opinion. Concluding we lack jurisdiction over the other interlocutory orders, we dismiss the appeal as to those orders.

## BACKGROUND

Khancepts and its owner Mushtaq Khan own and operate several service stations in Harris County, Texas. Appellee Iovana Lopez was employed as a general manager at one of the stations. Khancepts terminated Lopez's employment after she filed a charge of discrimination and sexual harassment against Khan. Lopez then sued Khancepts alleging sexual discrimination and retaliation.

The trial court referred the parties to mediation, which resulted in a mediated settlement agreement ("MSA"). The MSA provided for payment of $30,000 to Lopez in six equal payments of $5,000 to be paid monthly. The MSA contained the following paragraph intended to address resolution of disputes, which may arise from the interpretation and/or performance of the MSA:

> If one or more disputes arise with regard to the interpretation and/or performance of this agreement or any of its provisions, the parties agree to attempt to resolve same by phone conference with the mediator who facilitated this settlement and, if such phone conference fails to resolve the dispute, then the parties shall return for one-half day of additional mediation. Any party who refuses to mediate may not recover attorneys' fees or costs in any litigation brought to construe or enforce this agreement. If the matter is not fully resolved through this mediation, then the parties agree to arbitrate the case with Tanner Garth as arbitrator to a final arbitrated award which will be enforceable by any court of competent jurisdiction in the State of Texas. Such arbitration shall be binding on all parties.

The record reflects that Khancepts began to make payments under the MSA, but did not make the final three payments. The record does not reflect that the trial court signed a final judgment based on the MSA. Lopez subsequently filed a "Motion to Enforce Rule 11 Agreement (Settlement Agreement)" alleging that

2

Khancepts had failed to make the final three payments under the MSA. In connection with her motion Lopez filed a Motion to Compel Deposition of Mushtaq Khan and a Motion for Sanctions. Khancepts, citing the above provision of the MSA, filed a Motion to Compel Arbitration and Stay Proceedings. The trial court denied the Motion to Compel Arbitration, granted the Motion for Sanctions, ordered Khan to appear for deposition, and ordered payment of the remaining settlement amount. This interlocutory appeal followed.

ANALYSIS

In its first issue Khancepts argues the trial court abused its discretion in denying the motion to compel arbitration.

## I.      Standard of Review and Applicable Law

We review a trial court's order denying a motion to compel arbitration for abuse of discretion. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018). Whether the claims in dispute fall within the scope of a valid arbitration agreement and whether a party waived its right to arbitrate are questions of law, which are reviewed de novo. *Id.*; *Perry Homes v. Cull*, 258 S.W.3d 580, 598 & n.102 (Tex. 2008).

The MSA does not specifically invoke either the Federal Arbitration Act (FAA) or the Texas Arbitration Act (TAA) but does provide that a final arbitrated award will be enforceable in the State of Texas. In its brief Khancepts argues the MSA is governed by the FAA and Lopez does not challenge that assertion. "If an arbitration agreement does not specify whether the FAA or the TAA applies, but states that it is governed by the laws of Texas, both the FAA and the TAA apply unless the agreement specifically excludes federal law." *Natgasoline LLC v. Refractory Constr. Services, Co. LLC*, 566 S.W.3d 871, 878 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (quoting *In re Devon Energy Corp.*, 332 S.W.3d 543,

3

547 (Tex. App.—Houston [1st Dist.] 2009, orig. proceeding)). Thus, in this case, both the FAA and TAA apply. *Id.* The issue of arbitrability, however, is subject to the same analysis under either statute. *Rodriguez v. Tex. Leaguer Brewing Co. LLC*, 586 S.W.3d 423, 427 (Tex. App.—Houston [14th Dist.] 2019, pet. denied); *see also Saxa Inc. v. DFD Architecture Inc.*, 312 S.W.3d 224, 229 n. 4 (Tex. App.—Dallas 2010, pet. denied) ("The issue of arbitrability is subject to a virtually identical analysis under either the FAA or the TAA.").

Generally, a party seeking to compel arbitration must establish that a valid arbitration agreement exists and that the claims at issue fall within the scope of that agreement. *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 524 (Tex. 2015). "Once the arbitration movant establishes a valid arbitration agreement that encompasses the claims at issue, a trial court has no discretion to deny the motion to compel arbitration unless the opposing party proves a defense to arbitration." *Rodriguez*, 586 S.W.3d at 428 (quoting *Human Biostar, Inc. v. Celltex Therapeutics Corp.*, 514 S.W.3d 844, 848 (Tex. App.—Houston [14th Dist.] 2017, pet. denied)).

## II.    The arbitration clause in the MSA is a valid enforceable agreement.

There are strong policies and presumptions favoring arbitration. *See Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 899 (Tex. 1995). However, arbitration cannot be ordered in the absence of an agreement to arbitrate. *See Freis v. Canales*, 877 S.W.2d 283, 284 (Tex. 1994); *Branch Law Firm, L.L.P. v. Osborn*, 447 S.W.3d 390, 394 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Because arbitration is a creature of contract, a court must first decide whether an agreement was reached, applying state-law principles of contract. *In re Poly–Am., L.P.*, 262 S.W.3d 337, 348 (Tex. 2008). Therefore, we examine whether a valid arbitration agreement exists, and whether the dispute falls within the scope of the agreement. *In*

*re Bank One, N.A.*, 216 S.W.3d 825, 826 (Tex. 2007).

A mediated settlement agreement is like any other contract and thus is enforceable under contract law. *Martin v. Black*, 909 S.W.2d 192, 195 (Tex. App.—Houston [14th Dist.] 1995, writ denied). A party seeking to compel arbitration can meet its burden to establish that a valid arbitration agreement covers the claims at issue by producing a signed agreement covering these claims. *Courtland Bldg. Co., Inc. v. Jalal Family P'ship, Ltd.*, 403 S.W.3d 265, 270 (Tex. App.—Houston [14th Dist.] 2012, no pet.). The arbitration agreement here was incorporated into the MSA, which was signed by both parties, and is a valid, enforceable agreement. Because the dispute before us centers around payment under the MSA, the dispute is within the scope of the agreement. We further note that on appeal no party disputes the validity of the arbitration agreement or that the dispute falls within its scope. Therefore, the trial court had no discretion to deny the motion to compel arbitration unless Lopez established a defense to arbitration. *See Rodriguez*, 586 S.W.3d at 428

### III. Lopez waived the defense of condition precedent to arbitration by proceeding to litigation.

Lopez argues that the trial court lacked authority to compel arbitration because Khancepts did not comply with the condition precedent to engage in mediation.

The question of whether Lopez raised a valid defense to arbitration is a question of arbitrability. *See G.T. Leach Builders*, 458 S.W.3d at 519. In questions of arbitrability, the United States Supreme Court has recognized a distinction between questions of "substantive arbitrability"—which courts decide—and "procedural arbitrability"—which courts must refer to the arbitrators to decide. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 81 (2002). In *Howsam*, a brokerage firm argued that its client could not initiate an arbitration because the client failed to do so within a six-year deadline that the parties had contractually

adopted as part of their arbitration agreement. *Id.* at 81. The Court held that this was not a question of arbitrability for the courts to decide. *Id*. at 83. Although the Court acknowledged that, "[l]inguistically speaking, one might call any potentially dispositive gateway question a 'question of arbitrability,'" it explained that "the phrase 'question of arbitrability' has a far more limited scope" and does not encompass " 'procedural' questions which grow out of the dispute and bear on its final disposition" or "allegation[s] of waiver, delay, or a like defense." *Id*. at 84 (citation omitted). Quoting the Revised Uniform Arbitration Act of 2000, the Court explained that, "in the absence of an agreement to the contrary, issues of substantive arbitrability . . . are for a court to decide and issues of procedural arbitrability, i.e., whether prerequisites such as time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrators to decide." *Id*. at 81 (ellipsis in original).

"Typically, questions of whether prerequisites to arbitration have been fulfilled are left to the arbitrators to resolve." *Amir v. Int'l Bank of Commerce*, 419 S.W.3d 687, 692 (Tex. App.—Houston [1st Dist.] 2013, no pet.). "If, however, there is clearly established proof that a strictly procedural requirement has not been met and that procedural requirement precludes arbitration, a court can deny a motion to compel arbitration on this ground." *Id*. "As an example, a trial court cannot compel arbitration when the provision requires the parties to mediate before arbitration." *Id*.; *see also In re Igloo Prods. Corp.*, 238 S.W.3d 574, 581 (Tex. App.—Houston [14th Dist.] 2007, orig. proceeding) (holding that trial court did not abuse its discretion by denying arbitration when the parties' agreement provided "any and all such disputes that cannot first be resolved through the Company's internal dispute resolution procedures or mediation must be submitted to binding arbitration," and relator did not prove that the claims could not be so resolved).

6

However, even when the agreement requires the parties to mediate before arbitration, a party who proceeds first to litigation waives the right to mediation and cannot assert the mediation provision as a condition precedent to arbitration. *Rodriguez*, 586 S.W.3d at 430; *see also LDF Constr., Inc. v. Bryan*, 324 S.W.3d 137, 146–47 (Tex. App.—Waco 2010, no pet.) ("Bryan cannot unilaterally skip the efforts to resolve the dispute by other methods by skipping directly to litigation and thereby avoid the arbitration provision."). Because Lopez proceeded to litigation by filing a motion to enforce the MSA in the trial court without first seeking mediation, she has waived her right under the arbitration provision to insist on mediation before arbitration and cannot rely on her own failure to request mediation as a condition precedent to arbitration. *See id.* We therefore sustain Khancepts' first issue on appeal.

**III.    We lack appellate jurisdiction over the trial court's orders regarding sanctions, attorney's fees, and setting a hearing.**

In its second issue Khancepts challenges several interlocutory orders including orders granting sanctions, awarding attorney's fees, compelling Khan's deposition, and setting a hearing. Khancepts included these orders in its notice of appeal.

Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Appellate courts may consider appeals from interlocutory orders when a statute explicitly authorizes an appeal. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). The FAA and TAA permit an interlocutory appeal from an order denying a motion to compel arbitration. *See* 9 U.S.C.A. § 16; Tex. Civ. Prac. & Rem. Code § 51.016, § 171.098(a)(1); *see also In re Helix Energy Sols. Group, Inc.*, 303 S.W.3d 386, 395 n.7 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding).

Although both the FAA and TAA govern the dispute over arbitrability, "federal procedure does not apply in Texas courts, even when Texas courts apply the [FAA]." *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). Because appellate jurisdiction is procedural, we look to Texas procedural law to determine whether we have jurisdiction over the interlocutory appeal of the trial court's remaining orders in this case. *Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012).

The only applicable Texas statute that could make the trial court's interlocutory order appealable is section 171.098 of the TAA. Tex. Civ. Prac. & Rem. Code § 171.098(a)(1) (permitting interlocutory appeal over a trial court order "denying an application to compel arbitration" under the TAA). The trial court's orders granting sanctions, awarding attorney's fees, compelling Khan's deposition, and setting a hearing did not deny an application to compel arbitration, nor did they grant an application to stay arbitration,[1] confirm or deny an arbitration award,[2] modify or correct an award,[3] or vacate an award without directing a rehearing.[4]

Because Texas law favors arbitration, the scope of judicial review of an arbitration decision is narrow. *See Bison Bldg. Materials, Ltd.*, 422 S.W.3d at 587. Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998). Because no statute authorizes an interlocutory appeal of the trial court's orders granting sanctions, awarding attorney's fees, compelling Khan's deposition, and setting a hearing, we dismiss that portion of

---

[1] *Id.* § 171.098(a)(2)

[2] *Id.* § 171.098(a)(3)

[3] *Id.* § 171.098(a)(4)

[4] *Id.* § 171.098(a)(5).

Khancepts' appeal.

## CONCLUSION

Having sustained Khancepts' first issue, we reverse the trial court's order denying the motion to compel arbitration. We remand the case to the trial court for entry of an order compelling arbitration and staying further proceedings pending completion of the pending arbitration proceedings. We dismiss Khancepts' appeal of the trial court's orders granting sanctions, awarding attorney's fees, compelling Khan's deposition, and setting a hearing.


/s/    Jerry Zimmerer
        Justice


Panel consists of Justices Christopher, Jewell, and Zimmerer.