

# IN THE
# TENTH COURT OF APPEALS

## No. 10-20-00246-CV

RICHARD RUSSELL WOOD AND
WATERMARK INDUSTRIES, LLC
(PREVIOUSLY D/B/A MR. APPLIANCE
OF DAYTONA BEACH),

**Appellants**

**v.**

MR. APPLIANCE LLC,

**Appellee**

### From the 414th District Court
### McLennan County, Texas
### Trial Court No. 2019-712-5

## MEMORANDUM OPINION

Appellant Richard Russell Wood files a *pro se* appeal from the trial court's final judgment in favor of Appellee Mr. Appliance, LLC. We will affirm.

### Background

The record before us reflects that Wood, a Florida resident, entered into a franchise agreement with Mr. Appliance. A dispute arose between Wood and Mr. Appliance when Mr. Appliance requested an audit. Wood failed to comply with the

audit request, asserting that the auditors were improperly requesting access to the financial records of his relatives rather than merely those of Wood and his franchise. Mr. Appliance brought suit against Wood and Appellant Watermark Industries, LLC (previously doing business as Mr. Appliance of Daytona Beach) to dissolve the franchise agreement and for damages for breach of that agreement. Wood filed a notice of appeal in this Court on September 21, 2020 on his behalf and on behalf of Watermark. We notified Wood that his appeal was subject to dismissal because there was no final judgment nor did he identify any statutory authorization for an interlocutory appeal. Before the appeal was dismissed, the trial court signed a final judgment. Wood filed an amended notice of appeal on November 23, 2020 on his own behalf that incorporated the final judgment.[1]

**Issues**

Wood frames his issues thus:

1. Should a District Court change terms of a contract without consent of both parties? Should District Court alter Written Contract Agreements, with no hearing of arguments from either party?

2. Should District Court Administrators be held to a higher standard to show no biases, if formerly employed by the Opposing Counsel? Should they disclose former employment to all parties? Should they disclose Judges and/or Mediators that the opposing party has donated $1000.00 or more to, which could cause possible bias decisions that favor the Donators Parties in the Final Order?

3. Should hearings and mediations be held without recording in any format with one party/and or Counsel not present? Should any

---

[1] Wood voluntarily dismissed Watermark from this appeal after we informed him that, as a non-lawyer, he could not prosecute this appeal on Watermark's behalf.

district court hearings not be recorded, especially for inexperienced Pro Se litigants? Should rights for Free Speech play a factor here?

4. Should a District Court tolerate allowing 3 Motions to Dismiss go unopposed, not be answered, and with no change in Judgment given, as if they never happened? Should a District Court be allowed to disregard Motions to Dismiss, where no defense is given (especially when the Motion to Dismiss is upholding Contract law)?[2]

In its brief, Mr. Appliance argues the following:

1. Appellant's appeal should be dismissed because it does not comply with Texas Rule of Appellate Procedure 38.

2. Appellant's appeal must be dismissed because he failed to preserve error.

3. The trial court did not err in ordering the parties to mediation.

4. Appellant has not shown that any alleged error probably led to the rendition of an improper judgment.

## Pro Se Pleadings

AUTHORITY

Although *pro se* litigants are generally held to the same standards as licensed attorneys, we hold their briefs to less stringent standards than those drafted by lawyers. *Doyal v. Tex. Dept. of Crim. Just.-Ins. Div.*, 276 S.W.3d 530, 533 n.2 (Tex. App.—Waco 2008, no pet.). "Thus, we review such pleadings and briefs 'with patience and liberality.'" *Id*. (quoting *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding)).

---

[2] We note that Wood has not specifically challenged the trial court's final judgment granting Mr. Appliance's Traditional and No Evidence Motion for Summary Judgment.

DISCUSSION

Wood's brief does not comply with Rule 38.1, which requires that an appellate brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). However, even if Wood adequately briefed his issues on appeal, they lack merit.

**Wood's Issues Two, Three, and Four**

Mr. Appliance asserts that Wood has failed to preserve error in regard to: (1) Wood's motions to dismiss, to compel dismissal, and to enter clerk's judgment; (2) the lack of a reporter's record from the hearing held on December 12, 2019;[3] and (3) any alleged bias in the trial court. Mr. Appliance argues that Wood did not object to these issues in the trial court.

AUTHORITY

"To preserve a complaint for appellate review, a party generally must present it to the trial court by timely request, motion, or objection, stating the specific grounds, and obtain a ruling." *Shaw v. Cnty. of Dallas*, 251 S.W.3d 165, 174 (Tex. App.—Dallas 2008, pet. denied) (citing TEX. R. APP. P. 33.1(a)). Furthermore, "[i]n order to preserve error for appellate review, a party's argument on appeal must comport with its argument in the trial court." *Martin v. Cottonwood Creek Constr., LLC*, 560 S.W.3d 759, 763 (Tex. App.—Waco 2018, no pet.); *see* TEX. R. APP. P. 33.1(a).

DISCUSSION

---

[3] The only reporter's record included as part of the record in this appeal is from the hearing on Mr. Appliance's Traditional and No Evidence Motion for Summary Judgment held on September 24, 2020.

In the trial court, Wood filed a motion to dismiss, a motion to compel dismissal, and a request for entry of a clerk's judgment. The motion to dismiss was based upon Wood's assertion that Mr. Appliance did not agree to mediate their dispute as provided in the franchise agreement. The motion to compel dismissal and request for entry of a clerk's judgment were based upon Mr. Appliance's failure to respond to Wood's motion to dismiss.

The trial court set a bench trial for December 12, 2019. A docket entry by the trial court from December 12, 2019 notes that the court ordered the parties to mediation as a result of Wood's "pleading regarding mediation." We will presume that this is in reference to Wood's motion to dismiss. As the trial court considered the motion, we construe the motion to dismiss as properly preserved. However, Wood points to no place in the record where he specifically presented the motion to compel dismissal or the request for entry of a clerk's judgment to the trial court, where he made a specific request of the trial court for a hearing or a ruling on the motions, or where he made specific objections to the trial court regarding the failure to make a ruling on the motions. Accordingly, any issues related to the motion to compel dismissal or the request for entry of a clerk's judgment are not preserved for appellate review.

Wood next complains that there is no reporter's record for one or more hearings, but he points to no place in the record that reflects that he requested that the court reporter transcribe any hearing or that he objected to the court reporter's absence. With limited exceptions not applicable here, "[c]ourt reporters are not required to transcribe court proceedings unless a party requests it . . . ." *Mitchell v. MAP Res., Inc.*, No. 21-

0124, 2022 WL 1509745, at *7 n.10 (Tex. May 13, 2022) (citing TEX. GOV'T CODE ANN. § 52.046(a)); *see also Nabelek v. Dist. Att'y of Harris Cnty.*, 290 S.W.3d 222, 231 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). The burden is on the party appealing from a judgment to ensure that a sufficient record is presented to show error requiring reversal, including requesting that the court reporter record any proceedings. *See Diaz v. Ellis Cnty.*, No. 10-09-00327-CV, 2010 WL 4243622, at *1 (Tex. App.—Waco Oct. 27, 2010, no pet.) (mem. op.). Any issue related to the lack of a court reporter's record is not preserved for appellate review.

Wood additionally complains there was bias in the trial court. One such claim involves the court administrator's failure to facilitate his telephonic access to the hearing on December 12. However, Wood identifies nothing in the record that supports this assertion. Although Wood made this allegation during the hearing on Mr. Appliance's Traditional and No Evidence Motion for Summary Judgment, he presented no evidence to the trial court in support of his claim of bias. Wood also did not raise any of his other claims of bias with the trial court. Additionally, Wood did not file a motion to recuse the trial court judge, nor has he identified any authority that would require recusal of the trial court judge due to unsupported claims of bias against court personnel. Wood has, therefore, failed to preserve any issue regarding bias in the trial court for appellate review.

We overrule Wood's Issues Two and Three and partially overrule Wood's Issue Four.

**Wood's Issues One and Four**

The bases for Wood's disagreement with the trial court's final judgment are his assertions that Mr. Appliance breached the franchise agreement by failing to mediate the case prior to filing suit, that the trial court failed to dismiss the case due to Mr. Appliance's failure to mediate, and that the trial court erred in ordering the parties to mediation. Wood also appears to argue that Mr. Appliance is precluded from suing him for breach of the franchise agreement because Mr. Appliance failed to agree with his choice for a venue for mediation.

AUTHORITY

A party asserting a claim for breach of contract must prove: (1) the existence of a valid contract; (2) the party performed or tendered performance as contractually required; (3) the opposing party breached the contract by failing to perform or tender performance as contractually required; and (4) the party sustained damages as a result of the breach. *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019).

A contract may include a condition precedent which obligates one or both parties to perform specific acts. *See Amir v. In'l Bank of Com.*, 419 S.W.3d 687, 692 (Tex. App.—Houston [1st Dist.] 2013, no pet.). "A condition precedent may be either a condition to the formation of a contract or to an obligation to perform an existing agreement." *Hohenberg Bros. Co. v. George E. Gibbons & Co.*, 537 S.W.2d 1, 3 (Tex. 1976); *see also Solar Applications Eng'g, Inc. v. T.A. Operating Corp.*, 327 S.W.3d 104, 108 (Tex. 2010). If the condition is not fulfilled, the obligation attached to the condition cannot be enforced.

*CDI Eng'g Grp., Inc. v. Admin. Exch., Inc.*, 222 S.W.3d 544, 548 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). Terms such as "if," "provided that," or "on condition that," or some other phrase that conditions performance, usually indicate an intent that the provision be a condition precedent rather than a promise. *Schwarz-Jordan, Inc. of. Hous. v. Delisle Constr. Co.*, 569 S.W.2d 878, 881 (Tex. 1978); *see also Amir*, 419 S.W.3d at 692 (quoting *Hohenberg*, 537 S.W.2d at 3).

A party may waive a condition precedent, and the waiver "may be inferred from a party's conduct." *Sun Expl. & Prod. Co. v. Benton*, 728 S.W.2d 35, 37 (Tex. 1987); *see also G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 511 (Tex. 2015) (waiver can be express or implied).

DISCUSSION

Section 13.1 of the Franchise Agreement provides:

> If a party commences any legal action, other than as provided for in Section 13.7 hereof, without having first complied with all of the provisions of this Section 13 regarding mediation, the other party shall be entitled to a thirty (30) day abatement of the legal action upon filing the appropriate procedural motion in the legal proceeding and bringing this provision to the attention of the court or other legal authority having jurisdiction.

The conditional language of Section 13.1 establishes mediation as a condition precedent to litigation.

The only admissible evidence before the trial court in relation to the dispute between the parties was that presented by Mr. Appliance as an exhibit to its Traditional and No Evidence Motion for Summary Judgment. The affidavit of Mr. Appliance's president reflects that prior to suit being filed, Wood indicated an interest in mediation

and proposed locations for the mediation. Mr. Appliance's general counsel specifically asked Wood whether he was intending to invoke the mediation provision in the franchise agreement. Wood did not directly respond, but stated that he needed to speak with an attorney. Mr. Appliance's vice president then attempted to contact Wood to see if their dispute could be resolved, but Wood again failed to respond. Mr. Appliance's in-house counsel then contacted Wood to attempt to resolve the dispute, but Wood again declined to submit to the audit. Mr. Appliance then filed suit. Wood never filed a motion in the trial court specifically requesting an abatement of the proceedings in order to pursue mediation in accordance with the terms of the franchise agreement. The relief Wood requested was dismissal of the lawsuit.

Under the terms of the franchise agreement, Wood's sole remedy for Mr. Appliance's alleged failure to mediate was a thirty-day abatement, not dismissal of the suit. Wood's failure to request mediation pursuant to Section 13.1 of the Franchise Agreement in his communications with Mr. Appliance and his failure to request an abatement of the lawsuit with a written request to the trial court indicate an implied waiver of the mediation clause. Additionally, as dismissal was not the appropriate remedy, the trial court did not err in failing to grant Wood's motion to dismiss.

The trial court also ordered the parties to mediation. Wood's complaint appears to be that the trial court's order somehow breached the franchise agreement because it did not order mediation that complied with its terms or that would have caused Wood to breach the franchise agreement by appearing for mediation in response to the trial court's order. The trial court has the authority to refer parties in a suit to mediation on

its own motion. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 154.021; *see also In re Vinson*, 632 S.W.3d 1, 3 (Tex. App.—El Paso 2019) (orig. proceeding). Under Section 154.022, a party may file a written objection to the referral within ten days after receiving notice. TEX. CIV. PRAC. & REM. CODE ANN. § 154.022. The court may not refer the dispute if it determines that there is a reasonable basis for the objection. *See Beldon Roofing Co. v. Sunchase IV Homeowners' Ass'n., Inc.*, 494 S.W.3d 231, 238 (Tex. App.—Corpus Christi–Edinburgh 2015, no pet.). Wood made no specific, written objection to the trial court's order of mediation, although he filed two motions for continuance. The trial court granted both motions for continuance, and no proceedings occurred in the case until the hearing on Mr. Appliance's motion for summary judgment on September 24, 2020. The trial court did not issue an order compelling mediation after Wood failed to appear at the scheduled mediation, nor did it sanction Wood for his failure to appear. The trial court did not err, therefore, in directing the parties to mediate this dispute, and Wood identifies no harm he suffered from being ordered to appear for mediation.

Mr. Appliance additionally argues that Wood has shown no error that probably led to the rendition of an improper judgment. Rule 44.1 precludes the appellate court from reversing a judgment on appeal on the ground that the trial court made an error of law unless the appellate court also concludes that the error complained of "probably caused the rendition of an improper judgment. . . ." TEX. R. APP. P. 44.1(a)(1). We review the entire record to determine if any raised error probably resulted in the rendition of an improper judgment. *Roberts v. HRL Procurement LLC*, No. 10-18-00275-CV, 2019 WL 1561598, at *2 (Tex. App.—Waco Apr. 10, 2019, pet. denied).

Even assuming that Mr. Appliance failed to agree to mediation on Wood's terms or that the trial court erred in referring the parties to mediation, Wood has failed to show what harm he suffered as a result. As noted, the remedy for a violation of the mediation clause is to request a thirty-day abatement of the proceedings. Wood was granted two continuances by the trial court, resulting in a delay in the proceedings for over thirty days. The trial court, therefore, implicitly abated the case for more than thirty days, giving Wood the relief allowed under the franchise agreement. Wood's Issues One and Four are overruled.

## Conclusion

Having overruled all of Wood's issues, we affirm the judgment of the trial court.


MATT JOHNSON
Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
Affirmed
Opinion delivered and filed July 20, 2022
[CV06]

