In re Mark Cecil PROVINE, Relator

Mark Cecil Provine, Appellant,

v.

Kelly Geis Provine, Appellee.

Nos. 01–09–00769–CV, 01–09–00770–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 10, 2009.

Adam Joel Morris, Houston, TX, Sallee S. Smyth, Richmond, TX, for Appellant.

Walter P. Mahoney, The Mahoney Law Firm, Pasadena, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices BLAND and MASSENGALE.

## OPINION

JANE BLAND, Justice.

In this dispute arising out of a divorce decree, Mark Cecil Provine seeks relief from the trial court's denial of his motion to compel arbitration via an interlocutory appeal and a petition for writ of mandamus.[1] Mark contends that the trial court abused its discretion by denying his motion. We conclude that the trial court erred by denying the motion to compel arbitration pursuant to the arbitration agreement in the final divorce decree. Accordingly, we reverse the trial court's order. We dismiss the petition for writ of mandamus as moot.

## Background

Mark and Kelly divorced on January 20, 2009. The divorce decree provides,

*Division of Marital Estate*

The Court finds that the parties have entered into a written agreement for the division of their community estate, which is set out in a *Mediated Settlement Agreement* which is attached hereto as Exhibit "A" and incorporated herein by reference. The Court finds that this

---

1. The petition for writ of mandamus is cause number 01–09–00769–CV. The interlocutory appeal is cause number 01–09–00770–CV. The underlying case is *In the Matter of the Marriage of Kelly Geis Provine and Mark Cecil Provine and in the Interest of W.C. Provine and G.G. Provine, Minor Children*, 2007–38854, in the 246th Judicial District Court of Harris County, Texas, the Hon. Jim York presiding.

agreement is a just and right division of the community estate.

The partial mediated settlement agreement establishes a procedure for the resolution of the parties' disputes concerning the divorce decree. It states:

If one or more disputes arise with regard to the drafting of the decree, closing documents, the interpretation, omitted issues, and/or performance of this agreement or any of its provisions, the party's attorneys agree to attempt to resolve same by phone conference with the Mediator who facilitated this settlement. If their differences cannot resolve by phone conference, then the disputed issues shall be resolved by arbitration as set forth below.

ANY DISPUTES ARISING FROM THE DRAFTING OF THE DECREE, CLOSING DOCUMENTS, THE INTERPRETATION, OMITTED ISSUES, AND/OR PERFORMANCE OF THIS AGREEMENT OR ANY OF ITS PROVISIONS, WHICH CANNOT BE RESOLVED BY PHONE CONFERENCE AS SET FORTH ABOVE, SHALL BE DECIDED BY BINDING ARBITRATION WITH WARREN COLE SERVING AS ARBITRATOR. Parties and/or counsel agree to notify Mr. Cole, in writing, of their request for his services at least seven days prior to a Court entry date and shall deposit an additional $450.00 per party toward the cost of said services before any arbitration services are rendered.

. . . .

This agreement is made and performable in Harris County, Texas, and shall be construed in accordance with the laws of the State of Texas.

Thereafter, disputes arose over the division of property. On March 25, 2009, Kelly petitioned for enforcement of the agreement, contending that Mark had not properly performed his obligations pursuant to the property division set forth in the agreement.

Specifically, Kelly contended that,

[Mark] has failed to surrender assets owned by Kelly in the possession of [Mark]. While in possession of those assets, [Mark] has converted portions of same to his own use and benefit all to the damage of [Kelly] and for which [Kelly] requests this Court order restored and turned over to [her]. . . .

[Kelly] requests this Court immediately order the turn over of all property in possession of [Mark] that rightfully belongs to [her] pursuant to all of the agreements of the parties and the Orders of this Court.

If the items belonging to [Kelly] are not immediately surrendered [Kelly] requests that this Court enter an order placing all of the assets the subject of this lawsuit placed within custodies legis and distributed to the rightful owner pursuant to the lawful order of this court.

. . . .

[Mark] has failed to file an Inventory. . . .

[Mark] has failed to pay Attorney and Expert fees. . . .

[Mark] . . . has failed to surrender to [Kelly] the proceeds from assets he has converted to his own use and benefit and he should be ordered to pay to [Kelly] all the proceeds from any assets, he has sold or disposed of, that form the basis of the security under the specific terms of the Mediated Settlement Agreement.

[Mark] has failed to pay community on going bills and expenses he was obligated to pay under the agreement of the parties.

On June 25, 2009, Mark moved to compel arbitration according to the arbitration

clause in the agreement. At the hearing the trial court stated,

It would be my ruling that this is post divorce and post mediation and post arbitration.... I am ruling that the mediation and the arbitration provisions are deemed merged into the decree of divorce and that post divorce matters will be determined by the Court, so the Court denies the motion to compel arbitration.

On September 3, 2009, the trial court signed an order denying Mark's motion to compel arbitration. In the order, the trial court noted that "the Court finds that it has no plenary power to compel arbitration at this time."

### Appellate Jurisdiction

■ We have jurisdiction over this appeal under the Federal Arbitration Act ("FAA")[2] or the Texas Arbitration Act ("TAA").[3] TEX. CIV. PRAC. & REM.CODE ANN. § 51.016 (Vernon Supp.2009);[4] id. § 171.098 (Vernon 2005). The FAA preempts all otherwise applicable state laws, including the TAA, under the Supremacy Clause of the United States Constitution. U.S. CONST. art. VI; see Allied–Bruce Terminix Co. v. Dobson, 513 U.S. 265, 272, 115 S.Ct. 834, 838, 130 L.Ed.2d 753 (1995). But the FAA preempts the TAA only if "(1) the agreement is in writing, (2) it involves interstate commerce, (3) it can withstand scrutiny under traditional contract defenses [under state law], and (4) state law affects the enforceability of the

agreement." In re D. Wilson Constr. Co., 196 S.W.3d 774, 780 (Tex.2006) (orig. proceeding) (quoting In re Nexion Health at Humble, Inc., 173 S.W.3d 67, 69 (Tex. 2005)). "For the FAA to preempt the TAA, state law must refuse to enforce an arbitration agreement that the FAA would enforce." Id.

■ Here, the arbitration agreement provides that it is governed by the laws of Texas. It does not specifically exclude the FAA, but nothing in the agreement involves interstate commerce, and the property at issue is within Texas. Moreover, the parties have asserted nothing in the TAA that would subvert enforcement of the agreement, where the FAA would otherwise enforce it. Therefore, the FAA does not preempt the TAA in this case. Id. Because we have jurisdiction to hear the case via an appeal, we dismiss Mark's petition for writ of mandamus. Id.

### The Interlocutory Appeal

In his sole issue, Mark contends that the trial court erred by denying the motion to compel arbitration.

### A. Applicable Law

■ A party moving to compel arbitration must establish (1) the existence of a valid, enforceable arbitration agreement and (2) that the claims asserted fall within the scope of that agreement. Valero Energy Corp. v. Teco Pipeline Co., 2 S.W.3d 576, 581 (Tex.App.-Houston [14th Dist.]

**2.** 9 U.S.C.A. §§ 1–16 (West 1999 & Supp. 2007).

**3.** TEX. CIV. PRAC. & REM.CODE ANN. §§ 171.001–.098 (Vernon 2005).

**4.** Effective September 1, 2009, the Texas Legislature permitted interlocutory review of a trial court's order denying arbitration under the FAA. Act of May 31, 2009, 81st Leg., R. S., ch. 820, §§ 1, 3, 2009 Tex. Sess. Law. Serv.

2059 (adding TEX. CIV. PRAC. & REM.CODE ANN. § 51.016 (Vernon Supp. 2009)). Because this case was filed and submitted to this Court after that date, we consider it under the new law. Id. § 2(b) ("The change in law made by this Act does not apply to the appeal of an interlocutory order in an action pending on the effective date of this Act if the appeal of the order is initiated before the effective date of this Act.").

1999, no pet.). If the movant establishes that an arbitration agreement governs the dispute, the burden then shifts to the party opposing arbitration to establish a defense to the arbitration agreement. *See In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex.1999) (orig. proceeding). A party may revoke the agreement only on a ground that exists at law or in equity for the revocation of a contract. TEX. CIV. PRAC. & REM.CODE ANN. § 171.001 (Vernon 2005). "Once the trial court concludes that the arbitration agreement encompasses the claims, and that the party opposing arbitration has failed to prove its defenses, the trial court has no discretion but to compel arbitration and stay its own proceedings." *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753–54 (Tex.2001).

■ Whether an agreement imposes a duty to arbitrate is a question of law which the appellate court reviews de novo. *In re C & H News Co.*, 133 S.W.3d 642, 645 (Tex.App.-Corpus Christi 2003, orig. proceeding). In determining whether a claim falls within the scope of an arbitration agreement, the court must focus on the factual allegations of the underlying suit and resolve any doubts in favor of coverage. *In re FirstMerit Bank, N.A.*, 52 S.W.3d at 753, 754. "Texas law favors arbitration." *Kosty v. S. Shore Harbour Cmty. Ass'n, Inc.*, 226 S.W.3d 459, 463 (Tex.App.-Houston [1st Dist.] 2006, pet. denied).

■ In *First Options of Chicago, Inc. v. Kaplan*, the United States Supreme Court stated that "[w]hen deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts generally ... should apply ordinary state-law principles that govern the formation of contracts," with the qualification that, "when courts decide whether a party has agreed that arbitrators should decide arbitrability," courts "should not assume that the parties agreed to arbitrate arbitrability unless there is 'clea[r] and unmistakabl[e]' evidence that they did so." 514 U.S. 938, 944, 115 S.Ct. 1920, 1924, 131 L.Ed.2d 985 (1995); *accord In re Weekley Homes, L.P.*, 180 S.W.3d 127, 130 (Tex.2005) ("[A]bsent unmistakable evidence that the parties intended to the contrary, it is the courts rather than the arbitrators that must decide 'gateway matters'....."); *Burlington Res. Oil & Gas Co., LP v. San Juan Basin Royalty Trust*, 249 S.W.3d 34, 39–42 (Tex. App.-Houston [1st Dist.] 2007, pet. denied). A mediator may also serve as an arbitrator if the parties consent. *See In re Cartwright*, 104 S.W.3d 706, 714 (Tex.App.-Houston [1st Dist.] 2003, orig. proceeding) (noting mediator should not act as arbitrator in the same or a related dispute without the express consent of the parties).

■ A trial court's power to modify its judgment is virtually absolute during the period of its plenary power. *See Stallworth v. Stallworth*, 201 S.W.3d 338, 349 (Tex.App.–Dallas 2006, no pet.). The trial court's plenary power to grant a new trial or to vacate, modify, correct, or reform a judgment is limited to a maximum of one hundred and five days after the judgment is signed. *In re Nguyen*, 155 S.W.3d 191, 193 (Tex.App.-Tyler 2003, orig. proceeding). After the trial court's plenary power expires, the trial court may not alter, amend, or modify the substantive division of the property in the divorce decree. *See* TEX. FAM.CODE ANN. § 9.007 (Vernon 2006); *In re Garza*, 153 S.W.3d 97, 102 (Tex.App.-San Antonio 2004, orig. proceeding). A court that rendered a divorce decree generally retains continuing subject-matter jurisdiction, however, to enforce and to clarify the divorce decree's property division. *See* TEX. FAM. CODE ANN. § 9.002 (Vernon Supp. 2009), § 9.008 (Vernon 2006); *Gainous v. Gainous*, 219 S.W.3d 97, 106 (Tex.

App.-Houston [1st Dist.] 2006, pet. denied). The Family Code provides limited, post-judgment jurisdiction that may be invoked only in particular circumstances, rather than plenary, original jurisdiction. *See generally* TEX. FAM.CODE ANN. §§ 9.002, 9.006, 9.008, 9.101, 9.103, and 9.104; *Gainous,* 219 S.W.3d at 108.

A party may seek clarification of a divorce decree through a suit for enforcement or a motion to clarify. *See* TEX. FAM.CODE ANN. §§ 9.001, 9.006, 9.008. In a suit to enforce the decree, a court has continuing jurisdiction to render further orders to enforce the division of the property made in the decree of divorce to assist in the implementation of or to clarify the prior order. *See id.* § 9.006(a); *Gainous,* 219 S.W.3d at 106. However, a court may not amend, modify, alter, or change the division of property made or approved in the divorce decree. *See* TEX. FAM.CODE ANN. § 9.007(a); *Shanks v. Treadway,* 110 S.W.3d 444, 449 (Tex.2003).

## B. Analysis

### 1. Continuing Jurisdiction

Mark asserts that the trial court erred by denying the motion to compel arbitration, reasoning that the agreement "merged into the decree of divorce" and thus "post divorce matters [would] be determined by the court." It is undisputed by the parties that the trial court lacks plenary power to alter, amend, or modify the substantive division of the property in the divorce decree. *See* TEX. FAM.CODE ANN. § 9.007. The trial court possesses continuing jurisdiction, however, to "render further orders to enforce the division of property made in the decree of divorce or annulment to assist in the implementation of or to clarify the prior order." TEX. FAM.CODE ANN. § 9.006(a). Therein lies the basis for the trial court's jurisdiction over this matter. The "division of

property made in the decree of divorce" is contained in the mediated settlement agreement, which the trial court expressly incorporated within its divorce decree. *Id.* In her motion to enforce, Kelly did not ask the trial court to amend, modify, alter, or change the division of property, but sought enforcement of the decree. *See* Tex. Fam.Code Ann. § 9.007(a); *Shanks,* 110 S.W.3d at 449. Because the trial court possesses continuing jurisdiction to enforce the agreement, the trial court had jurisdiction to rule on the motion to compel arbitration, as it was the parties' agreed mechanism for enforcement of the provisions of the decree.

### 2. Identical Mediator and Arbitrator

Before the trial court, Kelly asserted that the agreement was invalid because it specifically names the mediator, Warren Cole, to serve also as the arbitrator. Our court has held that a mediator can serve as an arbitrator in the same matter with the parties' consent, because the parties know that information disclosed to the mediator during mediation can be used by the mediator in making an arbitration decision. *In re Cartwright,* 104 S.W.3d at 714. Kelly and Mark expressly consented to select Warren Cole as both mediator and arbitrator; thus, Kelly's complaint is not a defense to the enforceability of the agreement's arbitration provision. *Id.; see also Mann v. Mann,* No. 04–07–00154–CV, 2008 WL 577266, at *2 (Tex.App.-San Antonio Mar. 5, 2008, pet. denied) (mem. op.) ("In this case, the parties expressly consented [to appointing the same individual to the roles of mediator and arbitrator] by executing the MSA [Mediated Settlement Agreement].... Accordingly, Donald's complaint is overruled.").

### 3. Scope of Arbitration

Here, the parties do not dispute the existence of a valid arbitration agreement. *See Valero Energy Corp.,* 2 S.W.3d at 581. However, Kelly contends that the issues she raises in her motion to enforce fall outside the scope of the agreement because they antedate the divorce, thus rendering it unenforceable. *Id.* Mark disagrees. Because the agreement does not confer power upon the arbitrator to determine whether issues fall within its scope, the courts decide this issue. *See Kaplan,* 514 U.S. at 944, 115 S.Ct. at 1924; *In re Weekley Homes, L.P.,* 180 S.W.3d at 130; *Burlington Res. Oil & Gas Co.,* 249 S.W.3d at 40–42. We review whether an agreement imposes a duty to arbitrate de novo. *In re C & H News Co.,* 133 S.W.3d at 645.

Here, the agreement states that "Any disputes arising from the drafting of the decree … the interpretation … and/or performance … shall be decided by binding arbitration." Kelly's motion to enforce asserts that Mark has failed to partition marital property in violation of the stipulations of the agreement. Specifically, Kelly contends that Mark has failed to record an inventory of his assets and has failed to surrender Kelly's assets that are in his possession. She seeks performance and, to the extent necessitated, interpretation under the agreement. The agreement plainly contemplates post-divorce disputes, as it includes matters related to the "performance" of the agreement. Accordingly, we hold that Kelly's claims in her motion to enforce fall within the scope of the agreement. *See Valero Energy Corp.,* 2 S.W.3d at 581.

### Conclusion

We hold that the trial court erred in refusing to compel arbitration of this dispute. Accordingly, we reverse the trial court's order in cause number 01–09–00770–CV, and remand with an instruction to the trial court to grant the motion. We dismiss the petition for writ of mandamus in cause number 01–09–00769–CV as moot.