Opinion issued December 23, 2010

 

 

 



 

                                                

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-00615-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



RANDALL COLEMAN, Appellant

 

V.

 

JOAN PARNELL COLEMAN,
Appellee

 

 



On Appeal from the 311th District Court

Harris County, Texas

Trial Court Cause No. 2004-25057

 

 



MEMORANDUM OPINION

          Randall
Coleman appeals the trial court’s order granting his former wife’s petition for
enforcement of their final divorce decree. 
In five issues he contends (1) the final divorce decree imposed an
improper penalty; (2) the order granting the motion for enforcement imposed an
improper penalty; and (3) the trial court erred in awarding attorney’s fees for
the motion for enforcement.  We affirm
the judgment of the trial court.  

Background

          The
trial court rendered an agreed final decree of divorce on August 7, 2008
pursuant to a mediated agreement between the parties, Randall Coleman and Joan
Parnell Coleman.  The decree required
Randall to pay $350,000 to Joan by July 28, 2008 in addition to $9,500 on the
first of every month starting on May 1, 2008. 
The $9,500 payments were to continue until Randall paid the full
$350,000 plus ten percent interest on any unpaid amounts.  At some point Randall filed a motion for new
trial in response to the final divorce decree, but he never made any payments
under the decree.  Joan filed a petition
for enforcement and attorney’s fees on November 7, 2008 and an amended petition
on February 2, 2009.  Randall’s original
answer raised affirmative defenses of legal justification, performance, waiver
of performance, estoppel, illegality, and usury. 

The trial court conducted a hearing
on the motion to enforce on May 14, 2009 and rendered an order on the motion
for enforcement at that time.  A final
order was entered on June 5, 2009.  The
trial court ordered Randall to pay $464,629.98 to Joan, which included the
$350,000 lump sum, nine months of past-due $9,500 payments, and compound interest.  The order stated that it did not effect the
monthly $9,500 payments under the divorce decree, and they would continue to
accrue until Randall paid the entire past-due amount.  Finally, the trial court awarded $14,980 in
attorney’s fees to Joan with eight percent post-judgment interest.  Joan’s attorney, Bobby Newman, testified to
his fees at the hearing and attempted to include actions taken on a motion for sanctions
in the total amount.  The trial court
declined to rule on the motion for sanctions and directed Joan’s attorney to
testify as to his fees in connection with the enforcement action.  Newman testified as to his years of practice,
the range of reasonable rates for similar cases in Harris County, and that
$14,980 in fees was reasonable and necessary. 
Randall did not ask Newman any questions or make any objections to his
testimony.  Randall timely appealed the
order granting Joan’s motion for enforcement and attorney’s fees.  

Challenge to Divorce
Decree

In his first issue, Randall contends the
award of $464,629.88 in the enforcement order is impermissible because the final
divorce decree contained an penalty under contract law.  A divorce decree is a final judgment and must
be appealed within the trial court’s plenary power, at most 105 days after the
judgment is signed.  See Hagen v. Hagen, 282 S.W.3d 899, 902 (Tex. 2009); In re Provine, 312 S.W.3d 824, 829–30
(Tex. App.—Houston [1st Dist.] 2009, no pet.). 
If an appeal is not timely perfected from the divorce decree, res judicata bars a subsequent
collateral attack.  Hagen v. Hagen, 282 S.W.3d 899, 902 (Tex. 2009); Treadway v. Shanks, 110 S.W.3d 1, 5
(Tex. App.—Houston [1st Dist.] 2000) aff’d,
110 S.W.3d 444 (Tex. 2003).  Even if a
final judgment is erroneous or voidable, it is not void and subject to
collateral attack if a trial court had jurisdiction over the parties and
subject matter.  Hagen, 282 S.W.3d at 902; see
also Jones v. Jones, 900 S.W.3d 786, 788 (Tex. App.—San Antonio 1995, writ
denied).  A motion to enforce a divorce
decree is equivalent to a new suit.  See Tex.
Fam. Code Ann. § 9.001 (Vernon 2006); Allmond v. Loe, Warren, Rosenfield, Kaitcer, Hibbs & Windsor, P.C.,
No. 2-09-132-CV, 2010 WL 1267786, at *1 (Tex. App.—Fort Worth Apr. 1, 2010,
pet. denied).  An appeal from a motion to
enforce may not collaterally attack an unappealed divorce decree.  See
Hagen, 282 S.W.3d at 902; see also
Jones, 900 S.W.3d at 788.  

The trial court signed the final
divorce decree on August 7, 2008. 
Randall filed a motion for new trial, but 105 days has passed without
either party filing an appeal from the final decree.  Randall instead appealed from the judgment
granting Joan’s petition to enforce.  Randall
may not collaterally attack a provision of an unappealed divorce decree.  See
Jones, 900 S.W.3d at 788.  We
overrule Randall’s first issue. 

Challenge to Motion to Enforce

In his second issue, Randall contends
the order on the motion to enforce includes an impermissible penalty under
contract law because it allows the $9,500 payments to continue to accrue under
the divorce decree. Randall’s attack
on the enforcement judgment is another attempt to challenge the original
divorce decree and use the motion to enforce to alter the terms of the property
division.  The judgment states in
relevant part:

 It is ordered
that the Judgment granted herein does not effect the requirement that RANDALL COLEMAN shall continue to pay
$9,500 on the 1st of each month in the future to JOAN COLEMAN until the $350,000 and all other required payments as
set out in the Decree are satisfied and the amounts due JOAN COLEMAN are paid in full. 


 

The judgment merely restates
Randall’s existing obligations and stressed that the new judgment does not
change those obligations.  As stated
above, Randall may not collaterally attack provisions in an unappealed divorce
decree.  See id.  Further, the trial
court in considering a motion to enforce or clarify may not amend, modify,
alter, or change the property division under a divorce decree.  See Tex.
Fam. Code Ann. § 9.007(a) (Vernon 2006); Shanks, 110 S.W.3d at 449; In re Provine, 312 S.W.3d at 830.  Here,
the decree includes the monthly $9,500 payments as part of the property
division, therefore Randall may not use an appeal from a motion to enforce as a
way to eliminate the obligation.  See
Tex. Fam. Code Ann. § 9.007(a); see also Jones, 900 S.W.3d at 788; Provine, 312 S.W.3d at 830.  We
overrule his second issue.

Attorney’s Fees

          In
his third, fourth, and fifth issues, Randall contends the trial court erred in
awarding $14,980 in attorney’s fees and eight percent post-judgment
interest.  

A.      Standard
of Review

Attorney’s fees may not be recovered
from an opposing party unless such recovery is provided for by statute or by
contract. Travelers Indem. Co. v. Mayfield, 923 S.W.2d 590, 593 (Tex. 1996) (orig. proceeding).  A trial court may award reasonable attorney’s
fees as costs in a proceeding to enforce a property division under a divorce
decree.  See Tex. Fam. Code Ann.
§ 9.014 (Vernon Supp. 2010).  A trial
court’s decision to grant attorney’s fees in such a case is reviewed for an
abuse of discretion.  Kurtz v. Jackson, 859 S.W.2d 609, 612 (Tex. App.—Houston
[1st Dist.] 1993, no writ).

B.      Analysis

In his third point of error, Randall
contends that Joan failed to present a demand for the debt and attorney’s fees
under Civil Practice and Remedies Code section 38.002(2) and (3).  See Tex. Civ. Prac. & Rem. Code Ann. §
38.002(2)–(3) (Vernon 2008).  Joan
contends that Randall waived this complaint, and that her claim for fees was
nevertheless authorized by Family Code section 9.014, which allows a recovery
of attorney’s fees for the enforcement of a divorce decree.  See Tex. Fam. Code Ann. § 9.014.  We agree that Randall’s complaint has been
waived.  Presentment must be raised at
the trial court to be preserved on appeal. 
See Tex. R. App. P. 33.1(a); Dumler
v. Quality Work by Davidson, No. 14-06-00536-CV, 2008 WL 89961, at *6 (Tex.
App.—Houston [14th Dist.] Jan. 10, 2008, no pet.) (holding failure to raise
section 38.002 presentment at the trial court waived issue on appeal).  Randall failed to raise presentment at the
trial court and failed to preserve error. 
We overrule Randall’s third issue.

In his fourth issue, Randall contends
Joan presented no evidence segregating her attorney’s fees for the enforcement
action from her pending motion for sanctions. 
Newman called himself to testify as to his fees for enforcement and
sanctions.  Randall objected to including
the motion for sanctions in Newman’s attorney’s fees.  The trial court interpreted the motion for
sanctions as a special exception and declined to address the motion at the
hearing.  The trial court then asked, “Do
you wish to go ahead with your testimony on fees in connection with the enforcement
action, Mr. Newman?”  Newman proceeded to
testify to his years of practice, the reasonable rates for similar cases in
Harris County, and stated the amount listed in his proposed order, $14,980, was
reasonable and necessary.  Newman
testified after the trial court told him to disregard the motion for sanctions
and proceed only on the motion to enforce. 
His testimony constitutes more than a scintilla of evidence on
attorney’s fees and the trial court did not abuse its discretion for awarding
fees based on that testimony.  We
overrule Randall’s fourth issue.

In his fifth issue, Randall contends
the trial court’s award of eight percent post-judgment interest for Joan’s
attorney’s fees was improper.  He cites
Finance Code section 304.003 which sets post-judgment interest at the prime
rate set by the Federal Reserve System, or at five percent if the prime rate is
lower than five percent.  See Tex.
Fin. Code Ann. § 304.002 (Vernon 2006). 
Randall asserts post-judgment interest should have been set at five
percent.  

A complaint regarding the award of
post-judgment interest must be preserved in the trial court by a motion to
amend or to correct the judgment or by a motion for new trial.  See Tex. R. App. P. 33.1(a); Goodson v. Castellanos, 214 S.W.3d 741,
760–61 (Tex. App.—Austin 2007, pet. denied) (holding that party waived issue on
post-judgment interest rate by not making it in trial court); Keith v. Keith, 221 S.W.3d 156, 173
(Tex. App.—Houston [1st Dist.] 2006, no pet.); Wohlfahrt v. Holloway, 172 S.W.3d 630, 640 (Tex. App.—Houston
[14th Dist.] 2005, pet. den.); Hachar v. Hachar, 153 S.W.3d 138, 145 (Tex. App.—San Antonio 2004, no pet.).  Randall objected to several provisions in the
proposed order, but never raised post-judgment interest.  Accordingly, Randall waived his complaint
regarding the calculation of post-judgment interest by not making it in the
trial court.  See Keith, 221 S.W.3d at 173.  We overrule Randall’s fifth issue.

Conclusion

          We
affirm the judgment of the trial court.

 

 

 

                                                          Sherry
Radack                                                                                                     Chief Justice 

 

Panel consists of Chief Justice Radack, Justice Massengale,
and Justice Matthews.[1]

 

 

 











[1]           The
Honorable Sylvia Matthews, Judge of the 281st District Court of Harris 

County,
participating by assignment.