**Opinion issued November 18, 2021.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-21-00136-CV

————————————

**TEJAS TUBULAR PRODUCTS, INC., Appellant**

**V.**

**MAXIMO PALACIOS, Appellee**

On Appeal from the 151st District Court
Harris County, Texas
Trial Court Case No. 2020-76668

## MEMORANDUM OPINION

Appellant Tejas Tubular Products, Inc. ("Tejas Tubular") appeals the trial court's order denying its motion to compel arbitration of Appellee Maximo Palacios' ("Palacios") negligence claim. In its sole issue, Tejas Tubular contends the trial court erred in denying its motion. We reverse and remand.

## Background

Palacios sued Tejas Tubular, a non-subscribing employer, for negligence stemming from an alleged hand injury he claims he sustained while cleaning a piece of machinery in the course and scope of his employment. Palacios sought recovery of actual damages, past and future lost wages, medical expenses, damages for pain and suffering, mental anguish, and impairment, punitive damages, and attorney's fees.

Tejas Tubular filed an "Original Answer Subject to Arbitration Rights." It then moved to compel arbitration under the Federal Arbitration Act ("FAA"), asserting Palacios entered into an arbitration agreement with Tejas Tubular and his negligence claim was subject to arbitration. Tejas Tubular attached to its motion the business records affidavit of its records custodian, Dimitra Goode, which included authenticated copies of (1) an "Acknowledgement of Receipt and Notice of Mutual Agreement to Arbitrate, Summary Plan Description, and Other Nonsubscriber Documents" signed by Palacios on November 30, 2017, and (2) the "Mutual Agreement to Arbitrate."

Palacios filed a response to the motion to compel arbitration, claiming the Mutual Agreement to Arbitrate ("Arbitration Agreement") explicitly excludes workers' compensation claims from its scope of coverage and his negligence claim against Tejas Tubular, a non-subscribing employer, qualifies as a workers'

compensation claim. He thus argued that arbitration could not be compelled because his claim fell outside the scope of the Arbitration Agreement. Tejas Tubular replied asserting Section 6(c) of the Arbitration Agreement delegates the determination of the scope and arbitrability of any claim to the arbitrator. Tejas Tubular further argued Palacios' negligence claim falls within the scope of the Arbitration Agreement.

The trial court denied Tejas Tubular's motion to compel arbitration and Tejas Tubular appealed.[1]

## Standard of Review

We review interlocutory appeals of orders denying motions to compel arbitration for an abuse of discretion. *Valerus Compression Servs., LP v. Austin*, 417 S.W.3d 202, 207 (Tex. App.—Houston [1st Dist.] 2013, no pet.). We defer to the trial court's factual determinations if they are supported by the evidence and review questions of law de novo. *Id*. We will reverse the trial court's ruling only when "it acts in an arbitrary or unreasonable manner, without reference to any guiding rules or principles." *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002, orig. proceeding) (per curiam).

---

[1] We have jurisdiction over the court's interlocutory order. The Federal Arbitration Act ("FAA") permits an interlocutory appeal from an order denying a motion to compel arbitration. *See* 9 U.S.C. § 16; *see also* TEX. CIV. PRAC. & REM. CODE § 51.016 (providing for appeal of interlocutory order denying motion to compel arbitration under FAA).

3

## Applicable Law

A party seeking to compel arbitration must establish that (1) a valid, enforceable arbitration agreement exists and (2) the claims asserted fall within the scope of that agreement. *Valerus Compression Servs.*, 417 S.W.3d at 207; *In re Provine*, 312 S.W.3d 824, 828 (Tex. App.—Houston [1st Dist.] 2009, orig. proceeding). The existence of a valid arbitration agreement is a legal question. *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 781 (Tex. 2006). In interpreting an agreement to arbitrate, we apply ordinary contract principles. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003); *In re Houston Progressive Radiology Assocs.*, *PLLC*, 474 S.W.3d 435, 443 (Tex. App.—Houston [1st Dist.] 2015, no pet.).

When, as here, a party asserts a right to arbitration under the FAA, we determine whether a dispute is subject to arbitration under federal law. *See Prudential Secs. Inc. v. Marshall*, 909 S.W.2d 896, 899 (Tex. 1995). Under the FAA, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *See id.* (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)). The policy in favor of enforcing arbitration agreements is so compelling that a court should compel arbitration "*unless it can be said with positive assurance* that an arbitration clause is *not* susceptible of an interpretation which would cover the dispute at issue."

4

*Prudential Secs. Inc.*, 909 S.W.2d at 899 (emphasis in original) (citing *Neal v. Hardee's Food Sys., Inc.*, 918 F.2d 34, 37 (5th Cir. 1990)).

## Arbitration Agreement

Tejas Tubular established the existence of an arbitration agreement, and Palacios does not challenge enforceability of the agreement. Thus, the question before us is whether Palacios' claim is arbitrable and who determines this threshold issue of arbitrability. The parties' Arbitration Agreement includes the following relevant provisions:

**6.** **Scope of Arbitration Agreement**

    **a.** **Claims Covered by this Agreement**

This Agreement is mutual, covering all claims that Company or Claimant may have, including but not limited to, claims for negligence, gross negligence, and all claims for personal injuries, physical impairment, disfigurement, pain and suffering, mental anguish, wrongful death, survival actions, loss of consortium and/or services, medical and hospital expenses, expenses of transportation for medical treatment, expenses of drugs and medical appliances, emotional distress, exemplary or punitive damages and any other loss, detriment or claim of whatever kind and character.

    **b.** **Claims Not Covered by This Agreement**

This agreement does not apply to:

. . . .

(ii) Workers' Compensation Benefits under the Texas Workers' Compensation Act or any other similar state or federal law;

. . . .

5

Nothing in this Agreement precludes the parties from agreeing to resolve claims that are otherwise not covered by this Agreement the same as if they were Covered Claims.

### c. **Arbitrability of Particular Dispute**

Any question as to the arbitrability of any particular claim shall be arbitrated pursuant to the procedures set forth in this Agreement.

## Analysis

Tejas Tubular contends the trial court erred by denying its motion to compel arbitration. It argues that, as a threshold matter, arbitration is mandated because Section 6(c) of the Arbitration Agreement delegates arbitrability determinations to the arbitrator. Thus, an arbitrator and not the trial court should determine whether Palacios' negligence claim is subject to arbitration and whether the exception under 6(b) of the Arbitration Agreement applies. Beyond this threshold error, Tejas Tubular argues arbitration is mandated because Palacios' claim falls within the scope of the Arbitration Agreement. In response, Palacios argues the trial court properly denied the motion to compel arbitration because his claim falls outside the scope of the Arbitration Agreement and its delegation provision. He asserts Section 6(b) of the Arbitration Agreement excludes workers' compensation claims from its coverage and his negligence claim qualifies as a workers' compensation claim.

"Whether parties have agreed to arbitrate is a gateway matter ordinarily committed to the trial court . . . ." *Jody James Farms, JV v. Altman Group, Inc.*,

6

547 S.W.3d 624, 631 (Tex. 2018) (citing *In re Rubiola*, 334 S.W.3d 220, 224 (Tex. 2011)). "Parties can, however, agree to have the arbitrator determine gateway issues such as arbitrability of claims." *See RSL Funding, LLC v. Newsome*, 569 S.W.3d 116, 121 (Tex. 2018); *see also Myrtle Consulting Grp., LLC v. Resulting Partners, Inc.*, No. 01-20-00095-CV, 2021 WL 2231248, at *8 (Tex. App.— Houston [1st Dist.] June 3, 2021, no pet.) (mem. op.). We enforce clauses delegating arbitrability when there is "clear and unmistakable" evidence establishing the parties' intent to delegate the matter to the arbitrator. *Henry Schein, Inc. v. Archer & White Sales, Inc.*, — U.S. —, 139 S. Ct. 524, 527, 531 (2019) (holding FAA "allows parties to agree by contract that an arbitrator, rather than a court, will resolve threshold arbitrability questions"); *RSL Funding*, 569 S.W.3d at 120 ("Arbitration clauses that assign gateway questions such as the arbitrability of the dispute are an established feature of arbitration law.") (citing *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010)). The "unmistakable clarity standard" serves the principle that "'a party can be forced to arbitrate only those issues it specifically has agreed to submit to arbitration' and protects unwilling parties from compelled arbitration of matters they reasonably expected a judge, not an arbitrator, would decide." *Jody James Farms*, 547 S.W.3d at 631 (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943 (1995)). To determine whether an agreement provides "clear and unmistakable evidence" of

delegation, we consider "the specific language of the Arbitration Agreement." *Burlington Res. Oil & Gas Co., LP v. San Juan Basin Royalty Trust*, 249 S.W.3d 34, 41 (Tex. App.— Houston [1st Dist.] 2007, pet. denied) (citing *Kaplan*, 514 U.S. at 944).

Tejas Tubular contends Section 6(c) of the Arbitration Agreement constitutes a clear and unmistakable expression of the parties' intent to have the arbitrator decide arbitrability. Section 6(c) states: "Any question as to the arbitrability of any particular claim shall be arbitrated pursuant to the procedures set forth in this Agreement." Tejas Tubular argues that because the parties' enforceable Arbitration Agreement clearly and unmistakably delegates arbitrability to the arbitrator, the trial court was required to compel arbitration to permit the arbitrator to decide this gateway arbitrability issue.

Palacios argues the delegation provision in Section 6(c) does not apply to his claim because the terms of the Arbitration Agreement exclude his specific claim from arbitration. He points to Section 6(b) of the Arbitration Agreement which states "[t]his agreement does not apply to . . . Workers' Compensation Benefits under the Texas Workers' Compensation Act or any other similar state or federal law[.]" In support of his argument, Palacios relies on the Fifth Circuit's decision in *Archer & White Sales Co., Inc. v. Henry Schein, Inc.*, 935 F.3d 274 (5th Cir. 2019).

In *Archer*, the plaintiff sued the defendants for alleged violations of federal and Texas antitrust law and sought money damages and injunctive relief. *See id.* at 277. The parties' contract included the following arbitration clause:

> Disputes. This Agreement shall be governed by the laws of the State of North Carolina. Any dispute arising under or related to this Agreement (except for actions seeking injunctive relief and disputes related to trademarks, trade secrets, or other intellectual property of Pelton & Crane), shall be resolved by binding arbitration in accordance with the arbitration rules of the American Arbitration Association [ (AAA) ]. . . ."

*Id.* The defendants invoked the FAA and moved to compel arbitration. *See id.* at 278–79. The plaintiff opposed the motion, arguing its complaint sought injunctive relief and the arbitration clause explicitly excluded actions seeking such relief from arbitration. *See id.* at 278. After the magistrate judge granted the motion, the district court vacated the order concluding the action fell within the arbitration clause's express exclusion of actions seeking injunctive relief. *See id.* Relying on a then-established narrow exception, the Fifth Circuit affirmed, holding the threshold arbitrability question should be decided by the district court. *See id.* The United States Supreme Court vacated the lower court's judgment, eliminated the relied-upon exception, and remanded the case for the Fifth Circuit to determine whether clear and unmistakable evidence existed of the parties' intent to delegate the issue of arbitrability to the arbitrator. *See Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 531 (2019).

9

The Court held that "[w]hen the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract." *Id.* at 529. "In those circumstances, a court possesses no power to decide the arbitrability issue . . . even if the court thinks that the [arbitrability claim] is wholly groundless." *Id.*

On remand, the Fifth Circuit noted that while it was undisputed the parties' agreement incorporated the AAA rules delegating the threshold arbitrability inquiry to the arbitrator for at least some category of cases, the parties disputed the relationship of the carve-out clause—exempting actions seeking injunctive relief from arbitration—and the incorporation of the AAA rules. *See Archer*, 935 F.3d at 280. The Fifth Circuit concluded

> [T]he placement of the 'carve-out' here is dispositive. We cannot re-write the words of the contract. The most natural reading of the arbitration clause at issue here states that any dispute, except actions seeking injunctive relief, shall be resolved in arbitration in accordance with the AAA rules. The plain language incorporates the AAA rules—and therefore delegates arbitrability—for all disputes *except* those under the cave-out. Given that carve-out, we cannot say that the Dealer Agreement evinces a "clear and unmistakable" intent to delegate arbitrability.

*Id.* at 281–82 (emphasis in original).

Palacios argues that, just as in *Archer*, the terms of the Arbitration Agreement exclude his negligence claim from arbitration, and thus the delegation

10

provision in Section 6(c) is inapplicable.[2]  *Archer* is inapposite.  Unlike the case before us, the agreement in *Archer* did not have an express delegation provision but instead incorporated AAA rules granting the arbitrator the power to determine his or her own jurisdiction, including questions related to the existence, scope, or validity of an arbitration agreement and the arbitrability of any claim.  *See id.* at 279–80.  The Fifth Circuit concluded that "[t]he parties could have unambiguously delegated [the arbitrability] question, but they did not, and we are not empowered to re-write their agreement."  *Id.* at 282.  Here, by contrast, the specific language of the delegation provision and its placement under Section 6 of the Arbitration Agreement, entitled "Scope of Agreement," reflect the parties' clear and unmistakable intent that the arbitrator determine as a threshold matter the "arbitrability of any particular claim."  *See RSUI Indem. Co. v. The Lynd Co.*, 466 S.W.3d 113, 118 (Tex. 2015) ("No one phrase, sentence, or section [of a contract] should be isolated from its setting and considered apart from the other provisions.") (quoting *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 134 (Tex. 1994)); *Burlington Res. Oil & Gas*, 249 S.W.3d at 41 (stating courts consider

---

[2]  Palacios argues his negligence claim for damages is a claim for "Worker's Compensation Benefits under the Texas Worker's Compensation Act" excluded from the scope of the Arbitration Agreement.  Tejas Tubular disputes this contention arguing Palacios' claim is not a statutory claim, but rather a common-law negligence claim subject to arbitration.

11

specific language of arbitration agreement in determining whether agreement provides "clear and unmistakable evidence" of delegation).

We further note that Palacios' contractual interpretation is not supported by the express terms of the Arbitration Agreement. Holding the delegation provision in Section 6(c) applies solely to Section 6(a), as Palacios suggests, would require us to rewrite the parties' agreement, which we cannot do. *See Archer*, 935 F.3d at 282. Section 6 of the Arbitration Agreement identifies two categories of claims: (1) "Claims Covered by this Agreement," under Section 6(a) and (2) "Claims Not Covered by this Agreement," under Section 6(b). In Section 6(b), the parties expressly refer to the claims in Section 6(a) as the "Covered Claims." The delegation provision in Section 6(c), however, is not limited to "Covered Claims." Instead, it provides that "*[a]ny* question as to the arbitrability of *any* particular claim shall be arbitrated pursuant to the procedures set forth in this Agreement." (Emphasis added). The parties thus agreed to a broad delegation clause and they are bound by their agreement. *See Jody James Farms*, 547 S.W.3d at 631 ("Arbitration is a matter of contract, and that which the parties agree must be arbitrated shall be arbitrated.").

Because the parties clearly and unmistakably delegated questions about "the arbitrability of any particular claim" to the arbitrator, the trial court abused its

discretion by removing that issue from the arbitrator and denying Tejas Tubular's motion to compel arbitration.

We sustain Tejas Tubular's issue.[3]

## Conclusion

We reverse the trial court's order and remand the case to the trial court with instructions that it compel the parties to arbitration.

Veronica Rivas-Molloy
Justice

Panel consists of Chief Justice Radack and Justices Rivas-Molloy and Guerra.

---

[3] Given our disposition of this threshold issue, we do not address Tejas Tubular's argument that arbitration is mandated because Palacios' claim falls within the scope of the arbitration agreement.