

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-24-00061-CV
_____

KEVIN W. MATTHEWS, Appellant

V.

NALCO COMPANY, LLC D/B/A ECOLAB, INC., Appellee

On Appeal from the 13th District Court
Navarro County, Texas
Trial Court No. D22-30319-CV

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

Kevin W. Matthews sued his former employer, "Nalco Company, LLC d/b/a ECOLAB, Inc. d/b/a Champion X L.L.C.," for alleged employment discrimination and breach of an arbitration agreement. In a prior opinion, we concluded that only ChampionX "was the intended and proper defendant in this lawsuit." *Matthews v. Nalco Co.*, No. 06-23-00038-CV, 2023 WL 6773862, at *4 (Tex. App.—Texarkana Oct. 13, 2023, no pet.) (mem. op.). On appeal in this case,[1] Matthews argues that the trial court erred (1) by granting ChampionX's motion to set aside a default judgment, (2) by granting a motion to dismiss the case based on an arbitration agreement and pending arbitration, (3) by failing to stay the case in lieu of arbitration, and (4) by granting a protective order in favor of ChampionX.

We find no abuse of discretion in the trial court's decision to set aside its default judgment. We further find that the trial court properly decided that Matthews's claims were subject to an arbitration agreement and pending arbitration but that the trial court should have stayed the case instead of dismissing it. Our holdings on these matters are dispositive of Matthews's remaining issue. As a result, we reverse the trial court's dismissal and remand the matter to the trial court for further proceedings consistent with this opinion, including the issuance of a stay pending arbitration.

---

[1]Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). We follow the precedent of the Tenth Court of Appeals in deciding the issues presented. *See* TEX. R. APP. P. 41.3.

## I.      Factual and Procedural Background

On June 13, 2022, ChampionX filed a Rule 91a motion to dismiss Matthews's lawsuit on grounds that Matthews admitted his employment discrimination claim was subject to arbitration and because the arbitration was pending. On September 20, 2022, Matthews filed a "Motion for Interlocutory Default Judgment" because no answer was on file. The trial court granted ChampionX's Rule 91a dismissal, but we decided that the Rule 91a motion was untimely filed, reversed the trial court's dismissal, and, on October 13, 2023, remanded the case to the trial court for further proceedings. *Id.* at *4, 7.

On January 10, 2024, Matthews filed a renewed motion for interlocutory default judgment, which the trial court granted on the following day without a hearing. In a motion to set aside the default judgment, ChampionX argued that it had made a general appearance by moving to dismiss Matthews's lawsuit and was, therefore, entitled to proper notice prior to entry of the default judgment. ChampionX also filed an answer and again argued that Matthews's claims should be dismissed because they were subject to a binding arbitration agreement. The trial court granted ChampionX a protective order from discovery pending the hearing on its motion to set aside the default judgment. After a hearing, the trial court set aside the "Renewed Interlocutory Default Judgment."

On April 25, 2024, ChampionX moved to dismiss Matthews's claims because it was "undisputed that . . . [the] claims f[e]ll within the scope of a valid arbitration agreement between the parties" and that "an ongoing arbitration [was] currently pending before the American Arbitration Association [(AAA)]."

3

In support of its motion, ChampionX attached a copy of a "Mediation and Arbitration Agreement" signed by Matthews (the Agreement). The Agreement stated that "[n]either the Company nor its present and former Associates may commence an action in court concerning a Dispute covered by the Agreement." The Agreement language defined the term "Associate" as "any person who is or has been employed by the Company" and defined the term "Dispute" as "any and all claims or controversies alleging violations of federal, state, local or common law between an Associate and the Company (and vice versa) arising out of or in any way related to the application for employment, employment or cessation of employment with the Company," including "employment discrimination . . . [or] retaliation" The Agreement contained clear language stating, "All Disputes shall be finally and conclusively resolved by final and binding arbitration before a neutral third party." Further, the Agreement was governed by the "Federal Arbitration Act, 9 U.S.C. § 1 et seq.," and all disputes were to be conducted by the AAA "in accordance with the AAA Employment Arbitration Rules."

ChampionX's dismissal motion also attached (1) Matthews's request for arbitration for the same employment discrimination claim and (2) correspondence showing that the arbitration was pending with the AAA and that Judge Carlos Lopez was appointed to arbitrate the matter.

After reviewing the evidence, on April 26, the trial court granted ChampionX's dismissal motion and dismissed Matthews's case without prejudice.

On May 13, Matthews attempted to file a supplemental petition claiming that ChampionX had breached the Agreement even though his case had been dismissed. Matthews then filed a motion for new trial, which was overruled by operation of law after a hearing.

4

**II.    The Trial Court Did Not Abuse Its Discretion by Setting Aside the Default Judgment**

In his first point of error, Matthews argues that the trial court erred by setting aside the default judgment. The answer to that question depends on whether the trial court abused its discretion in doing so. *Dir., State Emps. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 267 (Tex. 1994); *see In re G.D.L.*, No. 10-23-00011-CV, 2023 WL 5624064, at *3 (Tex. App.—Waco Aug. 30, 2023, no pet.) (mem. op.); *Manning v. Johnson*, 642 S.W.3d 871, 879 (Tex. App.—Texarkana 2021, no pet.). "A trial court abuses its discretion when it acts without reference to any guiding rules or principles." *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 687 (Tex. 2002) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

"It is a basic tenet of jurisprudence that the law abhors a default." *Coniglio v. Woods*, 693 S.W.3d 44, 54 (Tex. App.—Texarkana 2022, pet. denied) (quoting *Hock v. Salaices*, 982 S.W.2d 591, 593 (Tex. App.—San Antonio 1998, no pet.)). "The historical trend in default judgment cases is toward the liberal granting of new trials." *Norton v. Martinez*, 935 S.W.2d 898, 901 (Tex. App.—San Antonio 1996, no pet.) (citing *Miller v. Miller*, 903 S.W.2d 45, 47 (Tex. App.—Tyler 1995, no writ)).

"The prerequisites for granting a motion to set aside a trial court's default judgment equally apply to a no-answer and a post-answer default judgment." *Freeman v. Pevehouse*, 79 S.W.3d 637, 640–41 (Tex. App.—Waco 2002, no pet.) (citing *Cliff v. Huggins*, 724 S.W.2d 778,

5

779 (Tex. 1987)); *see Evans*, 889 S.W.2d at 268. Pursuant to the Texas Supreme Court opinion in *Craddock v. Sunshine Bus Lines, Inc.*,

> [a] default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Freeman*, 79 S.W.3d at 641 (quoting *Cliff*, 724 S.W.2d at 779 (quoting *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. [Comm'n Op.] 1939))).

However, when a defendant answers the lawsuit but does not receive proper notice of a dispositive setting, the traditional *Craddock* requirements are modified. *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812–13 (Tex. 2012) (per curiam) (citing *LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390 (Tex. 1989) (per curiam); *Lopez v. Lopez*, 757 S.W.2d 721, 722 (Tex. 1988) (per curiam)). Under such a circumstance, only the first *Craddock* factor applies, and the defendant is not required to prove the second and third factors. *In re Marriage of Ordaz & Cuba*, No. 13-23-00177-CV, 2024 WL 3963900, at \*2 (Tex. App.—Corpus Christi–Edinburg Aug. 28, 2024, no pet.) (mem. op.); *Tex. Sting, Ltd. v. R.B. Foods, Inc.*, 82 S.W.3d 644, 651–52 (Tex. App.—San Antonio 2002, pet. denied) (citing *Lopez*, 757 S.W.2d at 723); *In re Marriage of Parker*, 20 S.W.3d 812, 817 (Tex. App.—Texarkana 2000, no pet.).

ChampionX argued that it had made an appearance and that its motion to dismiss the case should be construed as an answer. "Texas appellate courts have been reluctant to uphold default judgments where some response is found in the record, even if the response is in the form of a

letter." *Rhojo Enters., LLC v. Stevens*, 540 S.W.3d 621, 624 (Tex. App.—Beaumont 2018, no pet.) (quoting *Home Sav. of Am. FSB v. Harris Cnty. Water Control & Improvement Dist. No. 70*, 928 S.W.2d 217, 218 (Tex. App.—Houston [14th Dist.] 1996, no writ) (citing *Smith v. Lippmann*, 826 S.W.2d 137, 138 (Tex. 1992) (per curiam)). For this reason, "Texas courts generally go to great lengths to recognize any appearance or response as an answer in order to prevent inequity or injustice in the context of a default judgment." *Id.*; *see Reid v. Asset Acceptance, LLC*, No. 10-05-00347-CV, 2006 WL 3028072, at *1 (Tex. App.—Waco Oct. 25, 2006, no pet.) (mem. op.) (construing a letter as an answer). Accordingly, "if the defendant has answered or 'appeared' in some manner, due process thereafter entitles the defendant to notice of any trial setting—and that includes a hearing on a motion for default judgment." *Schoendienst v. Haug*, 399 S.W.3d 313, 316 (Tex. App.—Austin 2013, no pet.) (citing *LBL Oil Co.*, 777 S.W.2d at 390–91).

"In the absence of a written answer, 'whether a defendant is considered to have "appeared" depends on the nature and quality of the party's activities in the case.'" *Id.* (quoting *In re Marriage of Runberg*, 159 S.W.3d 194, 198 (Tex. App.—Amarillo 2005, no pet.)). A motion to dismiss a case can qualify as an appearance sufficient to prevent default judgment without notice of a default judgment hearing.

For example, in *LBL Oil Co. v. International Power Services, Inc.*, a defendant filed a motion to dismiss the plaintiff's claim but did not file a formal answer. *LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390 (Tex. 1989) (per curiam). After the trial court denied the defendant's dismissal motion, the plaintiff filed a motion for default judgment on the ground

that the time to file an answer had expired. *Id.* No notice of hearing of the default judgment motion was served on the defendant. *Id.* The Texas Supreme Court held that, because the defendant had made an appearance in the case, he was entitled to "actual or constructive notice of the hearing on the motion for default judgment," *id.* at 391, "as a matter of due process" *id.* at 390–91. Similarly, in *Rhojo Enterprises, LLC*, a defendant's motion to dismiss was considered to be an answer because it "contained the proper style of the case," had "the names of the parties and the trial court," was signed and dated by the proper person, had a certificate of service showing that it was served on opposing counsel, and contained denials of the allegations in the plaintiff's original petition. *Rhojo Enters., LLC*, 540 S.W.3d at 625.

As in *Rhojo*, ChampionX's dismissal motion contained the style of the case, properly identified the parties and court, was signed and dated by the proper person, and had a certificate of service showing that it was served on Matthews's counsel. Further, ChampionX argued that the dismissal motion was sufficient to constitute an answer. The trial court could have agreed with ChampionX on that matter since the dismissal motion referred to specific paragraphs of Matthews's petition, denied the specific claims in Matthews's petition by showing that they were subject to arbitration, invoked the trial court's jurisdiction to enforce the arbitration provisions in the Agreement, and prayed for reasonable and necessary attorney fees.

Under the first *Craddock* factor, "conscious indifference" means "that the defendant knew it was sued but did not care." *Fid. & Guar. Ins. Co. v. Drewery Const. Co.*, 186 S.W.3d 571, 576 (Tex. 2006) (per curiam). For this prong, "[a]n excuse need not be a good one to suffice." *Id.* Considering the procedural history of this case, the trial court was free to find that

8

ChampionX knew it was sued but showed that it cared by filing a dismissal motion. As a result, it could have determined that ChampionX did not file a more formal answer because it believed none was necessary. Accordingly, the trial court was free to determine that the first *Craddock* requirement was met.

"If, after the defendant has answered or otherwise 'appeared,' the plaintiff proceeds to obtain the default judgment without notice, due process requires that the judgment be set aside," and the second and third *Craddock* requirements need not be proved. *Schoendienst*, 399 S.W.3d at 316 (citing *LBL Oil Co.*, 777 S.W.2d at 390–91); *see In re Marriage of Parker*, 20 S.W.3d at 817. The appellate record shows that, even though the dismissal motion was on file, the trial court granted Matthews's default judgment motion one day after it was filed without a hearing. ChampionX filed a motion to set aside the default judgment on the ground that it was granted without notice of a dispositive hearing. The trial court heard the motion to set aside the default judgment on February 22, 2024. ChampionX had filed a formal answer by that time.

In light of all of the foregoing facts, we find the trial court was free to determine (1) that ChampionX had made an appearance or answer to the merits of Matthews's petition sufficient to trigger the requirement of notice of a default judgment hearing under *LBL Oil Co.* and (2) that ChampionX met the first *Craddock* requirement. Consequently, we find no abuse of discretion in the trial court's decision to set aside its default judgment, and we overrule Matthews's first point of error.

**III. The Trial Court Properly Applied the Arbitration Agreement, but Should Have Stayed the Case**

**A. Matthews's Claims Were Subject to Arbitration**

Under the guise of a motion to dismiss,[2] ChampionX sought to compel arbitration. As a result, we will review the trial court's order as "an order compelling the parties to arbitration while also dismissing the lawsuit." *Hoeppner v. Statewide Remodeling, Inc.*, No. 10-02-129-CV, 2003 WL 21357277, at *1 (Tex. App.—Waco June 11, 2003, pet. denied) (mem. op.).

"We review a trial court's order denying a motion to compel arbitration for abuse of discretion." *ABP Holdings, Inc. v. Rainbow Int'l LLC*, No. 10-21-00122-CV, 2021 WL 5920276, at *3 (Tex. App.—Waco Dec. 15, 2021, no pet.) (mem. op.) (quoting *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018)). "Whether the claims in dispute fall within the scope of a valid arbitration agreement . . . [is a] question[] of law, which [is] reviewed *de novo*." *Id.* (citing *Henry*, 551 S.W.3d at 115).

"A party seeking to compel arbitration must establish the existence of a valid, enforceable arbitration agreement and that the claims at issue fall within that agreement's scope." *Tom Wright Constr., LLC v. JDM Steel Constr., LLC*, No. 10-17-00124-CV, 2017 WL 4543651, at *2 (Tex. App.—Waco Oct. 11, 2017, no pet.) (mem. op.) (citing *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding)). "If the movant establishes that an arbitration agreement governs the dispute, the burden shifts to the party opposing arbitration to establish a defense to the arbitration agreement." *Id.* (citing *In re Provine*, 312 S.W.3d 824, 829

---

[2]Arguing that ChampionX's motion was a motion for summary judgment or a Rule 91a dismissal motion, Matthews claimed that he did not get proper notice under those procedures.

(Tex. App.—Houston [1st Dist.] 2009, orig. proceeding) (citing *In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex. 1999) (per curiam) (orig. proceeding), *abrogated on other grounds by In re Halliburton Co.*, 80 S.W.3d 566, 571 (Tex. 2002) (orig. proceeding))).

"Once the movant established a valid arbitration agreement covering the claims at issue, a trial court has no discretion to deny the motion to compel arbitration unless the opposing party proves a defense to arbitration." *Id.* (citing *In re Provine*, 312 S.W.3d at 829).

Here, ChampionX provided the trial court with the Agreement, signed by Matthews, showing that any claims "arising out of or in any way related to the application for employment, employment or cessation of employment with the Company," including "employment discrimination . . . [or] retaliation" were subject to binding arbitration under the Federal Arbitration Act. The trial court reviewed the petition, Matthews's own request for arbitration, and correspondence discussing the pending arbitration proceedings before correctly determining that Matthews was raising employment discrimination claims that fell within the scope of the Agreement. Further, Matthews raised no defense to the arbitration prior to dismissal of his claims.[3] We find that the trial court correctly determined that Matthews's claims fell within the scope of the Agreement.[4]

## B.      A Stay of the Case, Rather Than Dismissal, Is Required

Even so, we find that the trial court should not have dismissed the case. The applicable portion of Section 3 of the Federal Arbitration Act provides that, if a trial court determines that

---

[3]After the dismissal, Matthews purported to supplement his petition to include a claim alleging that the arbitration provision was unenforceable because ChampionX had breached the arbitration provision.

[4]Our resolution of this matter is dispositive of Matthews's discovery complaint.

arbitration should be compelled, it "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C.A. § 3. In a recent opinion, *Smith v. Spizzirri*, the United States Supreme Court found that a stay, rather than dismissal, is required when a district court finds that a lawsuit involves an arbitrable dispute and a party requests a stay pending arbitration. *Smith v. Spizzirri*, 601 U.S. 472, 474 (2024) ("The question here is whether § 3 permits a court to dismiss the case instead of issuing a stay when the dispute is subject to arbitration and a party requests a stay pending arbitration. It does not."). The Court explained:

> [S]taying rather than dismissing a suit comports with the supervisory role that the FAA envisions for the courts. The FAA provides mechanisms for courts with proper jurisdiction to assist parties in arbitration by, for example, appointing an arbitrator, see 9 U.S.C. § 5; enforcing subpoenas issued by arbitrators to compel testimony or produce evidence, see § 7; and facilitating recovery on an arbitral award, see § 9. Keeping the suit on the court's docket makes good sense in light of this potential ongoing role, and it avoids costs and complications that might arise if a party were required to bring a new suit and pay a new filing fee to invoke the FAA's procedural protections.

*Id.* at 478.

In its dismissal motion, ChampionX alternatively pled for a stay of the trial court proceedings. In his reply to ChampionX's response to his motion for new trial, Matthews requested a stay and argued that dismissal was improper under *Spizzirri*. At the hearing on his motion for new trial, Matthews apprised the trial court of *Spizzirri* and informed it that a stay was "the preferred method of disposition." In response, ChampionX argued that the trial court did

not have subject-matter jurisdiction.[5]   However, after *Spizzirri*, the United States Court of Appeals for the Fifth Circuit clarified that a court's resolution of a motion to compel arbitration requires the court to have both subject-matter and personal jurisdiction and that "the resolution of a motion to compel arbitration never results in dismissal." *Hines v. Stamos*, 111 F.4th 551, 565 (5th Cir. 2024).

We sustain Matthews's point of error arguing that the trial court should have issued a stay instead of a dismissal.

## IV.    Conclusion

We reverse the trial court's dismissal of Matthews's claims and remand the case to the trial court for further proceedings, including the issuance of a stay pending arbitration.


Scott E. Stevens
Chief Justice


Date Submitted:     December 27, 2024
Date Decided:       February 12, 2025

---

[5]*See Gilbert v. Donahoe*, 751 F.3d 303, 306 (5th Cir. 2014) (finding, in a case decided before *Spizzirri*, that a court lacked subject-matter jurisdiction and should dismiss when the parties' dispute is the subject of binding arbitration).

13